**Leslie W. Beaven, Appellee, v. Village of Palatine a Municipal Corporation, Appellant.**

**Gen. No. 47,616.**

First District, First Division.

May 18, 1959.

Rehearing denied June 25, 1959.

Released for publication September 15, 1959.

Thomas A. Matthews, Byron S. Matthews, of Chicago, for Village of Palatine, defendant-appellant.

Hofeld, Salins and Wener, and Maurice J. Nathanson, of Chicago (Howard B. Bryant, of counsel) for plaintiff-appellee.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from a declaratory judgment entered in the trial court holding that the plaintiff under the zoning ordinances of the Village of Palatine has a right to erect and operate a ready-mix concrete plant in the Village of Palatine.

The complaint filed December 5, 1956 by the plaintiff for a declaratory judgment alleges that under the zoning ordinance as amended the plaintiff had a right to erect a ready-mix concrete plant which measures

out sand, cement and gravel by enclosed dustproof and noiseproof chutes and delivers the proper proportions to ready-mix mobile trucks equipped with water tanks which, while en route to a job, mix the ingredients to form concrete to be poured directly on the job; that while the ordinance prohibits certain uses, a ready-mix concrete plant is not among such excluded businesses; that plaintiff made application to the defendant village for permission to erect on his premises a " 'ready mix concrete' plant" to which application the plaintiff received the following reply on or about October 11, 1956: " 'Your letter dated October 11 was referred to the Village Board last night and they refused to grant permission for the erection of a "ready mix concrete" plant which would be in violation of Ordinance #555 as amended by Ordinance #848,' " which letter was signed by W. C. Kohler, village manager; that by denying the plaintiff the right to construct such a plant the village is "depriving him of his property without due process" and is in violation of the plaintiff's rights under the Federal and Illinois constitutions.

The answer of the village filed on December 27, 1956 denies that such a plant is permitted in the district where plaintiff's property is located, and avers that the operation of such a plant would be in violation of the ordinances of the village. Copies of certain ordinances are attached to the answer. The zoning ordinance in question, in enumerating prohibited uses, provides in section 6, subparagraph 69, "and in general those uses which are in fact nuisances or which may be obnoxious or offensive by reason of emission of odor, dust, smoke, gas or noise."

On February 26, 1958 the plaintiff filed a motion for summary judgment. Attached to the motion was an affidavit of the plaintiff. On April 17, 1958 the village filed an affidavit in opposition to the motion for

276

summary judgment, in which it sets up that the village on December 23, 1957 had passed an ordinance relating to the district in question, which specifically excluded the operation of a ready-mix concrete plant, and by leave of court on April 29, 1958 the village filed a supplemental answer to the complaint setting up the same ordinance and stating "prior to the enactment of said ordinance of December 23, 1957 the President and Board of Trustees referred the question of the adoption of said ordinance to a zoning commission for consideration and recommendation; and the said zoning commission held public hearings after publication as required by law in a newspaper published in the said village, and thereafter recommended the adoption of the ordinance."

The trial court on May 28, 1958 sustained plaintiff's motion and thereupon entered a declaratory judgment in which the court, after setting up the original ordinance, finds that that ordinance did not exclude from the district in question a "ready mix concrete" plant and that paragraph 69 of section 6 of the ordinance does not exclude a "ready mix concrete" plant from an industrial district since a "ready mix concrete" plant is not a nuisance *per se;* that said item No. 69 fails to set up a standard by which a "ready mix concrete" plant could be excluded under said item 69. The court further finds that the referral of plaintiff's application by the village manager to the village board and the action of said village board were improper, invalid and arbitrary procedures; that the plaintiff was unlawfully prevented from taking any measures which would have given him a vested right to establish, erect and maintain the said "ready mix concrete" plant; that the amended zoning ordinance of the village adopted on December 23, 1957, effective January 12, 1958, may not be given retroactive effect so as to prevent the estab-

lishment of such a plant. The defendant appeals from that judgment.

The defendant here urges (1) that the trial court lacked jurisdiction because the plaintiff had failed to exhaust his remedies by appealing to the zoning board of appeals; (2) that the zoning ordinance in effect at the time when the plaintiff applied for the permit prohibited the use sought by the plaintiff; and (3) that a zoning ordinance adopted some fourteen months after the application for the permit was made specifically prohibited the use sought by the plaintiff and should have been considered as controlling by the court.

██ In his complaint the plaintiff alleges that he made an application with the defendant village for permission to erect on his property a "ready mix concrete" plant. There is nothing in the complaint indicating to whom the application was made nor in what manner. The court takes judicial notice of the zoning ordinance in force at the time the application for the permit was made, which provides that the building commissioner of the village was the enforcement officer of its provisions and that applications for building permits made to him must be accompanied by a plat. There is nothing in the complaint which indicates that any application for a permit was ever made to the building commissioner. The ordinance further provides that a variation can be made upon ordinance passed by the board of trustees, on the recommendation of the village board of appeals, after a public hearing, and there is no power given to the board of appeals to allow a variation. In his complaint the plaintiff sets out that upon his application to the village for permission to erect the plant in question he received the following reply:

" 'Your letter dated October 11 was referred to the Village Board last night and they refused to grant

278

permission for the erection of a "ready mix concrete" plant which would be in violation of Ordinance #555 as amended by Ordinance #848.' "

Plaintiff's letter of October 11th, which is referred to, does not appear anywhere in the record. No objection was made in the trial court to the sufficiency of the complaint. From the record it cannot be determined whether the plaintiff had sought a variation in compliance with the provisions of the ordinance and that the village board, after the matter had been referred to it by the board of appeals, had refused to grant it. In Traders Development Corp. v. Zoning Board of Appeals, 20 Ill.App.2d 383, the court says:

"The function of Boards of Appeals is twofold. In one instance it acts in a quasi judicial capacity as a reviewing administrative agency, and in the other as a legislative committee acting in an advisory capacity. Village of Justice v. Jamieson, et al., 7 Ill.App.2d 113, 129 N.E.2d 269. When acting in a quasi judicial capacity, the decision of the Board of Appeals is reviewable as a final administrative decision under the Administrative Review Act, Village of Justice v. Jamieson, et al. On the contrary, when acting as a legislative committee, its recommendations to the legislative body are not so reviewable, there being no final reviewable order. Fox et al. v. City of Springfield, 10 Ill.2d 198, 139 N.E.2d 732."

From the record before us it does not appear that there was a final decision of an administrative body which would require the appeal to be taken under the provisions of the Administrative Review Act. From the record we cannot say whether the plaintiff did or did not exhaust his administrative remedies. This question was not raised in the trial court. The fact that it was not and was first raised on appeal, standing alone, would not prevent our passing on the

question. Sheridan Shores, Inc. v. City of Chicago, 13 Ill.App.2d 377.

█ The ordinance which was in effect at the time the application for the permit was made, while not forbidding the operation of a concrete mixing plant, prohibited "those uses which are in fact nuisances or which may be obnoxious or offensive by reason of emission of odor, dust, smoke, gas or noise." That provision of the ordinance is sufficiently definite under the holding in Dube v. City of Chicago, 7 Ill.2d 313, and Chicago v. Reuter Bros. Iron Works, Inc., 398 Ill. 202. Under that provision there must be a determination by a fact finding body as to whether or not the proposed use is prohibited.

In his complaint the plaintiff alleged that a " 'ready mix concrete' plant measures out the proper proportions of sand, cement and gravel and by enclosed dust proof and noise proof chutes delivers the proper proportions of sand, cement and gravel to 'ready mix' mobile trucks which are equipped with water tanks and which, when in operation en route to the job, mixes the sand, gravel, water and cement so that the mixed concrete may be poured directly from the trucks to the job." The village in its answer says that the permit was not issued on the ground "that the erection and operation of such a plant would be in violation of the zoning ordinance of the village as amended by Ordinance 858." In an affidavit filed by the plaintiff in support of his motion for summary judgment he further states that the ready-mix concrete plant has a hopper in which the various ingredients are placed "which measures out the proper proportions of sand, cement and gravel, and by an enclosed dust proof and sound proof chute delivers the proper proportions of cement, sand and gravel to 'ready mix' mobile trucks which are equipped with water tanks and which when in operation en route to the job mixes the ingredients

so that the mixed concrete may be poured directly from the trucks to the job."

■ ■ Under the ordinance, if the use was such that it could become obnoxious or offensive by reason of the emission of odor, dust, smoke, gas or noise, it would not be allowed. The pleadings joined issue on that question. The affidavit filed in support of the motion for summary judgment, considered together with the pleadings, is not sufficient to support a summary judgment. The only statements therein made are that the mixing of the ingredients is done in the plant and that the mixed ingredients are conveyed by dustproof and soundproof chutes to trucks. There is nothing said as to whether dust or noise results during the time when the ingredients are placed in the hopper in the plant or during the time that they are being poured into the trucks from the chutes, nor is there any indication as to the number of mixing trucks which would be employed or the noise, odors, etc. which might result from their operation. This is a triable issue of fact. In Saxmann v. Allen, 410 Ill. 31, the court says:

"It is well established by previous decisions of this court that where affidavits in support of, and in opposition to, a motion for a summary judgment, indicate on their face that disputed questions of fact exist, the entry of a summary judgment is improper, for to try an issue of fact in such a manner, or to so determine the truth or falsity of facts disclosing a legal defense, would deprive defendants of a jury trial. (Barkhausen v. Naugher, 395 Ill. 562; Diversey Liquidating Corp. v. Nuenkirchen, 370 Ill. 523; Shirley v. Ellis Drier Co., 379 Ill. 105.)"

The court was in error in entering the declaratory judgment upon the motion of plaintiff for summary judgment.

■ After the time the motion for summary judgment was made and more than a year and a half after the application for the erection of the plant was made to the village, the village, on leave of court, filed a supplemental answer in which it alleged that on December 23, 1957 the village had adopted an ordinance which specifically prohibited the construction or operation of a ready-mix concrete plant on the premises in question. In its order for the declaratory judgment the court found that such ordinance could not be given retroactive effect to prevent the establishment of the said plant. If under any circumstances under its terms the ordinance could be invoked in the case it could not be held to operate retroactively against the plaintiff under our holding in Chicago Title & Trust Company, etc. v. Village of Palatine, et al., Gen. No. 47568, opinion filed this day.

The defendant in this case originally appealed to the Supreme Court of Illinois on the ground that a constitutional question was involved. The plaintiff moved to have the case transferred to the Appellate Court on the ground that the only question considered by the trial court was the interpretation of an ordinance. No question was raised either in the trial court or here with reference to the validity in whole or in part of the ordinance in question. Upon the record as it appears before us we must reverse the judgment and remand the cause to the Circuit Court to take such other and further proceedings as are not inconsistent with this opinion.

Reversed and remanded.

DEMPSEY and SCHWARTZ, JJ., concur.