People of the State of Illinois ex rel. William E. Phillips, et al., Plaintiffs-Appellants, v. Board of Education, Special Charter School District No. 150, Peoria County, Illinois, Defendant-Appellee.

Gen. No. 66–102.

Third District.

May 17, 1967.

Rehearing denied July 17, 1967.

Kellstedt & Young, of Peoria, for appellants.

W. McD. Frederick and J. Martin Lawless, both of Peoria, for appellee.

CORYN, J.

Defendant is the governing body of a special charter school district (hereinafter called District #150) within the City of Peoria. By statute, any annexation or disconnection of territory to or from said city where a special charter school district exists, constitutes, after the expiration of sixty days, an annexation or disconnection to its special charter school district unless statutory proceedings to prevent such ipso facto annexation or disconnection to the special charter school district are com-

menced and thereafter concluded favorably to the petitioners. Ill Rev Stats, c 122, § 7–2.1 (1965). As the result of a referendum in November, 1964, a large territory was annexed to the City of Peoria, and within sixty days thereafter, in an effort to prevent the automatic annexation of all the territory included within this referendum to District #150, various petitions were filed as provided by Ill Rev Stats, c 122, § 7–2.1 (1965). All of these petitions were thereafter concluded by orders of the County Board of School Trustees of Peoria County, and of the defendant, entered after hearing before an officer appointed by the Superintendent of Public Instruction, and/or pursuant to stipulation between the affected school districts, and the boundaries of District #150 were accordingly fixed.

Thereafter, relators, who are appellants here, filed with the Circuit Court a petition for leave to commence a proceeding in quo warranto against District #150 and its governing body, requiring them to show by what authority they purport to exercise dominion and control over certain of the aforesaid territory purportedly annexed to District #150 by the referendum. An amended petition was thereafter filed, the gist of which appears to assert that the whole of § 7.2–1 is unconstitutional because it allows for the fragmentation of existing school districts in violation of the constitutional requirement of an efficient system of free schools, and denies to relators the equal protection of the law, due process and their right to trial by jury, and is a usurpation of power by the legislature, so that all the aforementioned proceedings held thereunder are a nullity. On April 20, 1966, after a hearing, the Circuit Court dismissed the petition. This appeal is taken from that order.

Relators attempted to invoke the jurisdiction of the Supreme Court for direct review of a substantial constitutional issue, but that court, after considering the

156

point, and in view of its determination in Board of Education v. School District No. 61, 32 Ill2d 343, 205 NE 2d 459, held that no debatable constitutional issue is presented, and transferred the appeal here. In the case cited by the Supreme Court, and in its earlier decision of Schrieber v. County Board of School Trustees, 31 Ill 2d 121, 198 NE2d 848, it held that school districts established under enabling legislation are subject entirely to the will of the legislature, and may, even without notice, be contracted or expanded in area, or divided or united, in whole or in part with another district, or may be abolished, and that § 7–2.1, by which the legislature has provided an orderly procedure regarding boundaries of school districts, is not violative of the constitution. These decisions fully control and resolve the constitutional issues asserted by relators.

In its order dismissing the petition, the Circuit Court found that relators, by quo warranto, are attempting to challenge collaterally the administrative determinations of the County Board of School Trustees, and of defendant, which were made and entered by those agencies pursuant to petitions filed within sixty days of the referendum under § 7–2.1; that such determinations are subject to review only under the provisions of the Administrative Review Act, as provided in § 7–2.1; that the best interests of the school systems, the teachers and the pupils and the taxpayers of Peoria County, and the public weal would not be served by permitting the filing of the complaint; and that relators' motives in requesting the writ do not justify its issuance. Relators argue that quo warranto is a cumulative remedy, and that the provisions of § 7–2.1, and of the Administrative Review Act are not exclusive, and that the trial court erred in holding to the contrary.

Section 7–2.1A of the School Code provides not only that residents, property owners, and school boards af-

157

fected by annexation to a special chartered district may petition the County Board of School Trustees for disconnection, but also that "all interested persons may appear and give evidence." Clearly then, all of the relators herein qualified by the terms of said statute to attack the annexation of which they complain, and in fact several of the relators were parties to one or more of the petitions that were filed under § 7–2.1. It is further provided in said section of the School Code that "[T]he decisions of both boards shall be deemed to be 'administrative decisions' as defined in Section 1 of the 'Administrative Review Act,' and any resident who appears at the hearing conducted on the petition or any school board or school trustees of any district affected by the petition, within ten days after a copy of the decision sought to be reviewed is served by registered mail upon such resident, board or trustee, may apply for review of such decision in accordance with the 'Administrative Review Act' ". . . . Section 2 of the Administrative Review Act (Ill Rev Stats, c 110, § 265) provides as follows:

> "This Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the act creating or conferring power on such agency, by express reference, adopts the provisions of this Act. In all such cases, any other statutory, equitable, or common-law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof. Unless review is sought of an administrative decision within the time and the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision. . . ."

The purpose of the foregoing provisions of the Administrative Review Act, as evidenced by its express language, is "to provide a single uniform method by which the decisions of most of the administrative agencies of state government could be judicially reviewed," Moline Tool Co. v. Department of Revenue, 410 Ill 35, 101 NE 2d 71, and other methods of judicial review, whether equitable or common-law modes of review, in use prior to the enactment of the Administrative Review Act, are no longer available. Ill Rev Stats, c 110, § 265. School districts or individuals dissatisfied with the determinations of § 7–2.1A petitions by the school governing bodies will be limited to the Administrative Review Act for judicial review of such determinations. Accordingly, we are of the opinion that the Circuit Court correctly decided that its power to review a determination which was within the jurisdiction of these school boards to make arises from the provisions of the Administrative Review Act, and that other means of judicial review are barred.

The judgment of the Circuit Court dismissing the petition is correct, and is affirmed.

Affirmed.

STOUDER and ALLOY, JJ., concur.