Van J. Paulus, Plaintiff-Appellee, v. Sidney D. Smith, Commissioner of Buildings of the City of Chicago, William P. Hogan, Chief Electrical Inspector of the Bureau of Electrical Inspection of the City of Chicago, Edward J. Boyle, Assistant Chief Electrical Inspector of the City of Chicago, and City of Chicago, a Municipal Corporation, Defendants-Appellants, Rite-Lite Neon Sign Co., an Illinois Corporation, and George Aloisio, Defendants.

Gen. No. 52,382.

First District, First Division.

March 11, 1968.

Raymond F. Simon, Corporation Counsel of City of Chicago, of Chicago (Marvin E. Aspen and Howard C. Goldman, Assistant Corporation Counsel, of counsel), for appellants.

Raymond I. Suekoff, of Chicago (Stuart C. Katz, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This appeal involves the erection of an electrical advertising sign and the revocation of the permit issued by the City for its erection. In a previous appeal between the same parties (70 Ill App2d 97, 217 NE2d 527), this court, in an opinion filed on April 25, 1966, remanded the matter to the trial court for further proceedings after concluding (p 113):

> "Therefore, considering the substantial expenditures of plaintiff made under the circumstances portrayed here, we think it equitable that visibility measurements should be made in accordance with the views expressed in this opinion and properly submitted as evidence to the trial court. If it is then determined that the sign now violates the ordinance, plaintiff should be given a reasonable opportunity to correct the violation."

The pertinent facts are detailed in our previous opinion and need not be repeated here.

The record shows the permit for the erection of the instant sign was issued on June 25, 1963, and by August 17, 1963, the face of the sign had been installed. The letter of cancellation of the permit (dated August 21, 1963) was sent to plaintiff because the sign violated the ordinance in effect on June 25, 1963. In the proceedings

after remandment, the City, with leave of court, filed on October 20, 1966, an amendment to its original answer, in which the City requested the court "to take judicial notice of an amendment to the Chicago Zoning Ordinance . . . adopted by the City Council on July 11, 1963." This zoning amendment changed the measurement requirements for advertising signs adjacent to highways to such an extent that plaintiff concedes he cannot reconstruct the signboard to meet the requirements of the amended ordinance.

On remand, the trial court heard witnesses and received documentary evidence. Counsel for the City stated, "The City will stipulate if the sign were reduced in size [to be 800 feet] to where it met the formula provided by that section of the Municipal Code and if it were removed under the old ordinance to a point where it was 400 feet or greater from the center of the nearest lane of traffic . . . it would . . . probably meet the ordinance."

The trial court found (1) that the previous finding that no fraud was committed by the plaintiff in the obtaining of his permit "still stands," and (2) "In view of the large expenditures by the plaintiff, relying on the permits issued under the zoning ordinance before the ordinance was amended, the 1963 amending ordinance is inapplicable in this cause and the issues must be decided under the ordinance in force at the time the permits were issued."

The trial court decreed (1) that the plaintiff make specified changes in the sign, and (2) that a permanent injunction be issued, restraining the defendants from interfering with or preventing the plaintiff from proceeding with the changes and the completion of the sign or revoking the permit, and the court further found "that there is no just reason for delaying enforcement of or appeal from this decree."

The City contends that "the law is settled that both the trial court and the reviewing court are bound by the

ordinance as it presently exists and not as it was prior to the amendment," and "the trial court was informed of and accepted the existence of the amendment and then improperly failed to apply it to the case before it for decision." Cited authorities include Kinney v. Lindgren, 373 Ill 415, 420, 26 NE2d 471 (1940); Gibbons v. City of Chicago, 34 Ill2d 102, 105, 214 NE2d 740 (1966); Illinois Chiropractic Society v. Giello, 18 Ill2d 306, 310, 164 NE2d 47 (1960); and City of Chicago v. Zellers, 64 Ill App2d 24, 29, 212 NE2d 737 (1965).

Plaintiff asserts that the provisions of the instant decree come within the remanding directions of this court and the terms of the stipulation entered into by the City during the second proceeding. Plaintiff contends that the 1963 amendment to the ordinance in the instant case did not affect preexisting signs and, also, defendants' construction, if applied, would render this court's opinion and remanding order in the prior appeal of this case (70 Ill App2d 97, 217 NE2d 527) "meaningless and ineffective."

Plaintiff further asserts, "The validity of the zoning ordinance in the case at bar was never attacked. Even though the new ordinance was in full force and effect prior to the filing of this suit, the trial court was not at any time during the original trial called upon to determine whether the sign violated the new ordinance, nor was that point raised by defendants in the prior appeal of this case. However, plaintiff in his prior brief (page 56) called this Court's attention to the new ordinance and conceded that he could not comply with it."

 It is unnecessary to discuss defendants' authorities because we find that defendants come too late with the contention that the present ordinance should be applied here. This point should have been made in the original proceedings, both at the trial and review levels. We think this case calls for the use of the rule set forth

87

in Village of Oak Park v. Swigart, 266 Ill 60, 107 NE 158 (1914), where it is said (p 61):

> "It is the settled rule, also, that where a cause is re-docketed after litigation is prosecuted to a court of review and passed upon, not only the questions that were raised and considered, but also all that could have been raised and passed upon, are res judicata whether they were raised or not. . . . It would be an intolerable practice to permit objectors to have their legal objections heard by piecemeal. It is no hardship for them to be compelled to bring forward all their objections at the same time. . . . If a judgment is reversed and the cause remanded, the inferior tribunal can only take such further proceedings as conform to the finding of the appellate tribunal, and if specific directions are given nothing can be done except to carry out such directions."

See, also, Schneiderman v. Interstate Transit Lines, 401 Ill 172, 81 NE2d 861 (1948), where the court said (p 175):

> "It is likewise a familiar rule 'that when litigation is prosecuted to an appellate tribunal and questions of law are decided, all of such questions relating to the same subject matter which were open to consideration and could have been presented are res judicata, whether they were presented or not. This is true whether the judgment was reversed and the cause remanded or the judgment affirmed.' "

We conclude that the remanding directions of this court in 70 Ill App2d 97, 217 NE2d 527, must stand. Plaintiff "should be given a reasonable opportunity to correct the violation." It is conceded that the sign changes provided for in the instant decree will meet the requirements of the original ordinance. Therefore, the decree appealed from

conforms with the remanding directions of this court, and it is affirmed.

Affirmed.

BURMAN, P. J. and ADESKO, J., concur.