Leslie W. Beaven, Plaintiff-Appellee, v. The Village of Palatine, a Municipal Corporation, Defendant-Appellant.

Gen. No. 52,714.

First District, First Division.

February 17, 1969.

Littlejohn and Glass, of Chicago (Bradley M. Glass, William L. Littlejohn, and James P. McCarthy, of counsel), for appellant.

Hofeld, Salins & Wener, and Maurice J. Nathanson, of Chicago (Edwin A. Hofeld and Maurice J. Nathanson, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a zoning case, in which a declaratory judgment action was commenced on December 5, 1956. The defendant Village appeals from a judgment order entered on September 13, 1967, in which the trial court found "from the evidence adduced here that a ready-mix concrete plant is not in fact a nuisance, nor obnoxious or offensive by reason of emission of odor, dust, smoke, gas or noise . . . ," and plaintiff has "a clear legal right to establish on the above described property a ready-mix concrete plant or any other use permitted in an industrial district under the Zoning Ordinance No. 555 as amended by Ordinance No. 848, in force and effect in the Village of Palatine in the month of October 1956 and thereafter."

In a previous appeal between the same parties (22 Ill App2d 274, 160 NE2d 702), this court, in an opinion by Justice McCormick filed on May 18, 1959, reversed a summary judgment for plaintiff because there was "a triable issue of fact." The cause was remanded to the Circuit Court "to take such other and further proceedings as are not inconsistent with this opinion." The pertinent facts detailed in the previous appeal need not be repeated here.

The issues presented for review on the instant appeal are: (1) Whether the proceedings in the trial court should have been governed by the Administrative Review Act; (2) Whether the judgment of the trial court finding the issues against defendant was contrary to the mandate of the Appellate Court; and (3) Whether the trial court's judgment order was too broad when said order permitted "any other use" when the only evidence was for a concrete ready-mix plant.

The subject premises are in the Village of Palatine, Illinois, and are part of a triangular tract of land which lies south of and adjacent to the right-of-way of the Chicago and Northwestern Railway and bounded by the railroad right-of-way, Hale Street, and a line parallel

to and approximately 150 feet north of Washington Street. The tract consists of an industrial area, in the northwesterly portion of which there is a strip having an average length along the right-of-way of the railroad approximately 130 feet, presently occupied by the Hines Lumber Company for a lumber and building material storage and sales yard. The balance of the triangular tract, including that part which is adjacent to the railroad right-of-way, consists of approximately 95,000 square feet. Since 1951, it was beneficially owned, under a land trust, by plaintiff, Leslie W. Beaven, now deceased. It was used by him for various industrial enterprises. The entire triangular tract, together with that portion occupied by the railroad right-of-way and the Hines Lumber Company, was designated as an industrial district by the zoning ordinance in force and effect within the defendant Village at the time the instant action was commenced. Beaven, on his part of the tract, stored and maintained building equipment, material, hauling trucks, crane, concrete forms and other machinery and supplies incident to construction work.

On October 11, 1956, plaintiff Beaven applied to the defendant Village of Palatine for a permit to erect a "ready-mix concrete" plant. On October 23, 1956, the Village Board of Trustees refused to grant the permit on the ground that the proposed use would be in violation of Village ordinance No. 555 as amended by ordinance No. 848. Plaintiff Beaven on December 5, 1956, filed the instant action for a declaratory judgment in the Circuit Court of Cook County, praying that he be permitted to erect a ready-mix concrete plant. The Village answer set out ordinance No. 555 as amended by ordinance No. 848, which prohibited certain uses in industrial districts "and in general those uses which are in fact nuisances or which may be obnoxious or offensive by reason of emission of odor, dust, smoke, gas or noise." The Village later amended its answer to allege its enact-

ment of a comprehensive zoning ordinance on December 23, 1957, which repealed ordinances Nos. 555 and 848 and rezoned plaintiff's property to a business classification (R C52). The trial court allowed plaintiff's motion for a summary judgment, which judgment, as previously noted, was reversed in 1959 by this court in 22 Ill App 2d 274, 160 NE2d 702.

On August 30, 1962, plaintiff again applied to the Village for a permit to erect and maintain a "ready-mix concrete" plant. The application was denied on September 12, 1962. Plaintiff then appealed to the Village Zoning Board of Appeals, and a hearing was held before the Board on January 10, 1963, at which time evidence was heard by the Board as to whether the ready-mix concrete plant proposed by plaintiff would be offensive. In June 1963, plaintiff was advised by the Board that his application for relief was denied because the Board found that the ready-mix concrete plant would be "highly objectionable and offensive to the surrounding area by reason of the dust and noise that would result from such use."

On November 18, 1963, with leave of court, plaintiff filed a "Supplement to Complaint" in the instant cause. Defendant on December 5, 1963, then filed a "Motion to Dismiss Complaint." The motion was primarily based on the premise that the plaintiff was not entitled to judicial relief "until and unless he has first exhausted his administrative remedies." The trial court denied the motion, and defendant answered.

On January 5, 1965, the trial court referred the cause to a referee, who heard extensive evidence and rendered his report, in which he found the issues in favor of plaintiff. The report shows that plaintiff (Beaven) died on June 21, 1966, and the executor of his estate was substituted as plaintiff in this cause on October 13, 1966.

The referee's report states that three witnesses appeared on behalf of plaintiff and three for defendant. In arriving at his "Findings of Fact and Conclusions of Law," the referee examined and considered all the pleadings, the testimony, the exhibits, and the Appellate Court opinion. From the opinion the referee concluded that the principal issue to be determined by the additional proceedings was "if the use was such that it could become obnoxious or offensive by reason of the emission of odor, dust, smoke, gas or noise." The referee made fifty-eight findings, which included the following findings of fact:

"FIFTY-ONE: THE MASTER FINDS that the plaintiff and Claude L. Henney are both men who for many years had personal contact with the construction, maintenance and operation of ready-mix plants. Both of their testimony pointed to the following salient undisputed factors about the operation of such a plant:

". . .

"(f) . . . There is some noise connected with the movement of the ready-mix trucks, but not any more than the noise created by any three axle six wheel vehicle which can be found operating in any industrial district.

". . .

"FIFTY-SIX: THE MASTER FURTHER FINDS from the evidence that the operation of a ready-mix plant on the subject premises would not constitute a nuisance within the meaning of said Ordinance No. 555, as Amended, and would not be obnoxious or offensive by reason of the emission of odors, dust, smoke, gas or noise, and that said use is therefore

165

a permitted use in an Industrial District under said Ordinance.

"FIFTY-SEVEN: The highest and best use of the subject property is for the establishment and maintenance of a ready-mix concrete plant of the type proposed by the plaintiff, and for such use plaintiff's premises have a value of $1.75 per square foot. If restricted against the use for a ready-mix concrete plant, but for other industrial uses, the property has a value of $1.25 per square foot."

The referee also made the following "Conclusions of Law":

"A ready-mix concrete plant is not a nuisance per se. There is nothing about a ready-mix concrete plant that is 'incompatible with' an Industrial District, so as to justify a Municipality in prohibiting it therefrom."

After a hearing, the trial court denied defendant's exceptions to the referee's report and approved and adopted all of the findings of the referee, and the court entered its judgment order of September 13, 1967. It is from this order that defendant appeals.

Initially considered is the contention of the defendant Village that "the trial court was limited by the Administrative Review Act to determine if the Zoning Board of Appeal's decision against plaintiff was against the manifest weight of the evidence, and the said court's trial of the issues de novo was reversible error." Defendant Village argues that the finding of the Village Zoning Board of Appeals against plaintiff was a "final administrative determination," and at this point plaintiff's only remedy was an appeal under the Administrative Review Act (Ill Rev Stats, c 24, § 11–13–13), where it is said:

"All final administrative decisions of the board of appeals under this Division 13 shall be subject to

166

judicial review pursuant to the provisions of the 'Administrative Review Act,' . . . ."

From this defendant argues that "the scope of review is defined and limited by the terms of that Act and the decisions construing it. This is the crux of defendant's case," and "the purpose of the Administrative Review Act is to provide a single uniform method by which decisions of administrative agencies may be judicially reviewed." Defendant's authorities include People ex rel. Goldfarb v. White, 54 Ill App2d 483, 203 NE2d 599 (1964), and People ex rel. Phillips v. Board of Education, 83 Ill App2d 154, 227 NE2d 541 (1967), where it is said that the provision of the Administrative Review Act is "to provide a single uniform method by which the decisions of most of the administrative agencies of state government could be judicially reviewed," and that "other methods of judicial review, whether equitable or common-law modes of review, in use prior to the enactment of the Administrative Review Act, are no longer available."

In considering the issue, the application of the Administrative Review Act to this case, we note that from the beginning plaintiff has proceeded somewhat irregularly between the administrative body and the trial court. We believe the pronouncements in Van Laten v. City of Chicago, 28 Ill2d 157, 190 NE2d 717 (1963), supply the guidelines to be applied here. There the Supreme Court affirmed a declaratory judgment finding a zoning ordinance void as applied to several pieces of property of the plaintiffs, and said (p 159):

"The city now seeks to invoke the Bright doctrine, (Bright v. City of Evanston, 10 Ill2d 178), and asserts that plaintiffs' action is premature since they failed to seek a further amendment. As we stated in County of Lake v. MacNeal, 24 Ill2d 253, 259: 'The

Bright rule did not stem from legislative or constitutional command, but is no more than an expression of judicial policy prompted by the circumstance that zoning is legislative and administrative in nature, not judicial, and which is aimed at providing the local authority an opportunity to correct error and to settle disputes locally before there is judicial intervention. [Citations.]' And again, at page 260, 'To compel a property owner to first seek local relief in the face of the demonstrated attitude of the local authority, would be a patently useless step which would increase costs, promote circuity of action and delay the administration of justice.' (See also Herman v. Village of Hillside, 15 Ill2d 396; Westfield v. City of Chicago, 26 Ill2d 526.) Other jurisdictions which have an 'exhaustion rule' have adopted a similar view. . . . Here, the city has twice amended its zoning ordinance since suit was filed. The 1960 amendment affecting practically the identical area involved in the litigation followed the filing of the master's report by only 12 days. Twice it had an opportunity to correct inequities, if such they were. The 1960 amendment changing the classification was in the face of an adverse recommendation by the master after the evidence had been taken, and its adoption caused a re-reference and further delay. If this procedure were condoned, it could go on ad infinitum, and would defeat one of the purposes of the Bright rule, namely, to prevent delay in the administration of justice. Under the circumstances presented, we are of the opinion that seeking a further amendment would have been futile and therefore the Bright rule does not apply."

In the opinion filed in the previous appeal (22 Ill App2d 274, 160 NE2d 702), it is stated (p 279):

"From the record before us it does not appear that there was a final decision of an administrative body which would require the appeal to be taken under the provisions of the Administrative Review Act. From the record we cannot say whether the plaintiff did or did not exhaust his administrative remedies. This question was not raised in the trial court. The fact that it was not and was first raised on appeal, standing alone, would not prevent our passing on the question."

██ From the foregoing, we believe the issue of exhaustion of remedies was found by the Appellate Court to be without merit, and as that issue was not included in the mandate directions, the trial court properly decided that that question was not open to consideration by the trial court.

As to the question as to whether the trial court was limited on remand and that the "court's trial of the issues de novo was reversible error," we note that the Appellate Court opinion remanded "the cause to the Circuit Court to take such other and further proceedings as are not inconsistent with this opinion."

On this issue, we believe the guidelines are supplied in Village of Oak Park v. Swigart, 266 Ill 60, 107 NE 158 (1914), where it is said (p 61):

"It is the settled rule, also, that where a cause is redocketed after litigation is prosecuted to a court of review and passed upon, not only the questions that were raised and considered, but also all that could have been raised and passed upon, are res judicata whether they were raised or not. . . . It would be an intolerable practice to permit objectors to have their legal objections heard by piecemeal. It is no hardship for them to be compelled to bring forward all their objections at the same time. . . . If a judgment is reversed and the cause

169

remanded, the inferior tribunal can only take such further proceedings as conform to the finding of the appellate tribunal, and if specific directions are given nothing can be done except to carry out such directions."

See, also, Paulus v. Smith, 93 Ill App2d 84, 88, 235 NE2d 292 (1968).

■ We conclude the previous opinion of this court and the remanding order were so framed as to give sound discretion to the trial court to determine what further proceedings were "not inconsistent with this opinion," including the taking and consideration of additional evidence in the area designated as a "triable issue of fact." Therefore, we hold that the proceedings in the trial court on remandment conformed to the remanding directions.

Considered next is defendant's contention that even if the plaintiff had not been required to proceed under the Administrative Review Act, the evidence was insufficient in law and in fact to support the trial court's findings of the issues in favor of plaintiff and, in particular, its finding that the operation of a ready-mix concrete plant would not be obnoxious or offensive by reason of the emission of odors, dust, smoke or noise.

Defendant also asserts that the trial court did not comply with the mandate of this court, in that the trial court failed to make findings of fact "as to the number of mixing trucks which would be employed or the noise, odors, etc. which might result from their operation."

■ As asserted by defendant, neither the report nor the judgment order made any findings of fact "as to the number of mixing trucks which would be employed." We do not agree with defendant that this failure was reversible error. After examining the referee's report and the judgment order, we find that the report contains a lengthy resume of the testimony regarding the operation of a ready-mix concrete plant, including the

170

use of trucks and the finding that the noise incident to the trucks was not any more than the noise created by trucks of similar size operating in any industrial district. This finding and the relevant evidence on the use of trucks was sufficient compliance with the remanding order.

After examining this record, and without further discussion of the evidence considered by the trial court on remand, we conclude there was enough competent evidence to sustain that part of the judgment order which dealt with "a ready-mix concrete plant," and that part of the judgment order is not against the manifest weight of the evidence and should not be disturbed. Lucey v. Shelton, 24 Ill2d 471, 476, 182 NE2d 215 (1962).

Considered last is defendant's contention that "the trial court exceeded its authority in adjudging that plaintiff has a 'clear legal right' to establish any use permitted in an industrial district when the only evidence presented was for the erection and maintenance of a ready-mix concrete plant." Defendant argues that the trial court erred in permitting "any use" under the repealed Village ordinance, and that "the issue as to the retroactive application of the comprehensive zoning ordinance, excluding plaintiff's proposed ready-mix use, passed after plaintiff's first application, was disposed of by this Court (Appellate) in the previous appeal (at p 282):

> " 'In its order for the declaratory judgment the [trial] court found that such ordinance could not be given retroactive effect to prevent the establishment of the said plant. If under any circumstances under its terms the ordinance could be invoked in the case it could not be held to operate retroactively against the plaintiff . . . .' "

■ In considering this contention, we note that this entire litigation has been centered and shaped upon a specific use, "a ready-mix concrete plant." No applica-

tion or evidence was made or offered by plaintiff to use the property for any purpose except as a ready-mix concrete plant. The opinion of this court, in its reversal of the summary judgment and its remanding mandate, was framed in the terms of that use. Therefore, that part of the judgment order which includes "any other use permitted in an industrial district" does not conform to the remanding directions of this court. It is not consistent with the opinion and should be reversed.

For the reasons set forth, we reverse that part of the judgment order which authorizes "any other use permitted in an industrial district under the Village of Palatine Zoning Ordinance No. 555 as amended by its Ordinance No. 848 in force and effect in the Village of Palatine in the month of October 1956 and thereafter." As amended, the judgment order entered on September 13, 1967, is affirmed.

Reversed in part and affirmed in part.

ADESKO, P. J. and BURMAN, J., concur.