Russell H. Wilson, d/b/a Russell Wilson Trucking Co., Plaintiff-Appellant, v. The White Motor Corporation and Waddell White Trucking Sales, Inc., Defendants-Appellees.

Gen. No. 69–85.

Second District.

December 31, 1969.

Rehearing denied January 28, 1970.

Knight, Ingrassia and Schirger, of Rockford, for appellant.

Gilbert, Powers & Graves, Pedderson, Menzimer, Conde and Stoner, of Rockford, for appellees.

PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court.

This appeal arises from the granting of a motion to dismiss the amended complaint filed herein.

In April of 1962, the plaintiff purchased a new White truck from the defendant Waddell White Trucking Sales, Inc. The defendant, The White Motor Corporation, manufactured the truck. In 1963, 1964, 1965 and twice in 1966, the rear suspension system collapsed. Each time it

was repaired with new parts furnished by the defendants. The last breakdown occurred on June 21, 1966. On August 7, 1967, the plaintiff filed a complaint against the defendants herein, based upon the June 21, 1966 occurrence. This complaint was dismissed with leave given the plaintiff to file an amended complaint. On November 27, 1968, the plaintiff filed a six-count amended complaint. Three of the counts, charging negligence, implied warranty and strict liability, were directed toward Waddell. The balance of the counts made identical claims against White. A motion to dismiss the amended complaint under section 48(e) was allowed with leave to file a further amended complaint within 30 days. The plaintiff failed to file an additional amended complaint and on March 13, 1969, the suit was dismissed with prejudice.

The plaintiff seeks a reversal of the trial court's order for two reasons: 1) the limitations on Personal Actions was misinterpreted by the court and, 2) because replacement parts were purchased within the limitations of the act, the statute would not create a bar to recovery.

Personal action for injury to personal property is barred if actions are not brought within 5 years of the time they accrue. The statute (Ill Rev Stats 1967, c 83, § 16) reads in part as follows:

> ". . . actions on unwritten contracts, expressed or implied . . . or to recover damages for an injury done to property, real or personal, . . . and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."

██ The trial court construed the phrase "after the cause of action accrued" to mean when the act occurred rather than when the injury took place. This is in line with the Illinois case law interpreting this portion of the statute. Sabath v. Morris Handler Co., 102 Ill App2d 218, 228, 234 NE2d 723 (1968); Board of Education of

High School Dist. No. 88 v. Joseph J. Duffy Co., 97 Ill App2d 158, 161, 240 NE2d 5 (1968).

■ The plaintiff argues that the interpretation of the phrase, for which there is a basis in some other jurisdictions, should properly be that the statute commences from the time of discovery of the injury. While this view, at times referred to as the "known or should have known" rule, would be in keeping with more recent authorities, still we are of the opinion that such a change of policy properly should be within the province of the legislature and not the courts. Sabath v. Morris Handler Co., supra, 228–229.

A recent decision of our Supreme Court, not cited by the parties, may at first impression give credence to the plaintiff's argument. The case, Rozny v. Marnul, 43 Ill 2d 54, 250 NE2d 656 (1969) concerns an interpretation of the same statute as involved in the instant case. In that case, the Court applied the "known or should have known" rule as it pertains to a land surveyor. However, it must be pointed out that legislation was passed in 1967, relative to registered land surveyors, which expressly adopted the "known or should have known" rule (Ill Rev Stats 1967, c 83, § 24(g)). This same rule is also adopted in legislation pertaining to medical malpractice (section 22.1) and to fraudulent concealment (section 23). Under section 22.1, the running of the statute commences when the action is known or should have been known but bars any such action filed more than 10 years after treatment or operation. Under section 23, the running of the statute commences at the time of discovery but then limits any action to within 5 years of discovery. Section 24(g) bars any action 4 years after it is known or should have been known. Sections 23 and 24(g), in effect, extend the statute of limitations, depending upon the circumstances of the particular case, to an indefinite period of time.

■ The sections are cited to show that the Legislature is cognizant of the rule proposed by the plaintiff and has applied the same, recently, in certain instances. However, the Legislature, we believe, has intentionally not adopted such rule for the circumstances of the case at bar and we are of the opinion that the Rozny case is limited in its application to cases within section 24(g). We, therefore, conclude that the trial court was correct in finding that the cause of action herein "accrued" in April of 1962 and that the statute of limitation barred recovery on the part of the plaintiff under the allegations of his amended complaint.

■■ It is argued that the recent purchase of replacement parts, for the suspension system, tolled the statute of limitations. This theory is advanced for the first time on appeal and was never argued before the trial court. A theory advanced in the trial court cannot be changed on review nor can an issue not raised or considered by the trial court be presented for the first time on review. Benson v. Isaacs, 22 Ill2d 606, 610, 177 NE2d 209 (1961); Hinduliak v. Inn of Four Lakes, Inc., 98 Ill App2d 42, 47, 240 NE2d 532 (1968). In addition, the amended complaint is based upon the sale of a truck with a defectively designed suspension system and not upon any defective replacement parts which were later acquired.

For the above reasons the judgment of the trial court dismissing the amended complaint must be affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.