Gussie Cohn *et al.*, Plaintiffs-Appellees, *v.* Receivables Finance Company *et al.*, Defendants-Appellants.

(No. 56446;

First District—September 15, 1972.

Julian J. Luster, of Chicago, for appellants.

Neal Mermall, of Chicago, for appellees.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendants appeal from the entry of summary judgment in favor of plaintiffs in an action instituted to collect principal and unpaid interest due on a promissory note. On appeal defendants contend: (1) that the

mandate of this court in a previous appeal of this cause has no significance in determining the course to be pursued in the trial court on remandment; (2) that the plaintiffs have not proven by a preponderance of the evidence that they have sustained a legal loss; (3) that the entry of summary judgment was improper in that a triable issue of fact remains; and (4) that the court, in its previous opinion, has attempted to judicially legislate an exception to the usury laws.*

On February 1, 1942, at Luster's request, a promissory note in the amount of $5000, bearing interest at 10% per annum, due on February 1, 1943, and payable to plaintiffs was executed by Luster on behalf of Receivables Finance Co. The note was also endorsed with Luster's individual guaranty. Luster was the attorney for the makers of the note. Interest payments were made until 1967 when plaintiffs requested repayment of $1200 in principal. Luster refused to make the payment and plaintiffs brought suit upon the note. That suit was terminated by a summary judgment entered in favor of defendants who relied upon the defense of usury. Plaintiffs then appealed to this court which held that defendants were "estopped from affirmatively pleading the defense of usury." The court also stated: "We do not agree with defendants' contention, accepted by the trial court, that defendants must be given credit against principal for the payments which he made through the years in excess of the maximum legal rate of interest. We hold that, under the circumstances of this case, defendant is required to perform the contract as he drew it." The cause was then reversed and remanded for further proceedings not inconsistent with that opinion. For a more detailed statement of facts and the reasons for our decision see *Cohn v. Receivables Finance Co.* (1970), 123 Ill.App.2d 224, 260 N.E.2d 67.

Plaintiffs then moved that the trial court vacate its order dismissing the case. Accompanying that motion was a copy of this court's opinion and order of reversal and remandment. Plaintiffs also moved for summary judgment. Defendants sought but were denied leave to file their amended answer and counterclaim. The amended answer again relied upon the defense of usury and alleged that at the time Cohn made the loan, she had full knowledge that the 10% interest rate was illegal. In the counterclaim defendants, *inter alia,* argue that they cannot be estopped from raising the defense of usury because plaintiffs had knowledge of the usurious rate at the time the note was executed. The counter-claim sought to have the note declared paid in full and plaintiffs enjoined from further prosecuting this action. Plaintiffs responded, claiming that the matters raised by defendants were *res judicata* and further sought relief under

---

* Ill. Rev. Stat. 1941, ch. 74, par. 1, *et seq.*

section 41 of the Civil Practice Act. An affidavit of Luster, filed in support of defendants' answer to plaintiffs' motion for summary judgment, stated that on February 1, 1942, Cohn was informed and had independent knowledge that the 10% interest rate was usurious.

Summary judgment was then entered in favor of plaintiffs, the court specifically finding that defendants had failed to raise a genuine issue of material fact.

■■ First, it is necessary to consider the prior remanding order of this court and its effect upon the subsequent process of the lawsuit. The mandate decreed that further proceedings should not be inconsistent with the views expressed in that opinion. This phraseology, while not controlling the course to be pursued in the trial court, limits the proceedings insofar as they must conform to the remanding directions. (See generally *Beaven v. Village of Palatine* (1969), 106 Ill.App.2d 160, 169-170, 245 N.E.2d 560, 565.) Defendants cite *Roggenbuck v. Breuhaus* (1928), 330 Ill. 294, 161 N.E. 780, for the proposition that remandment "for further proceedings not inconsistent with the views herein set forth" has no significance in determining the subsequent process of the cause. Further language of that opinion, however, makes it clear that the course of action pursued in the court on remand must conform to the views expressed in the opinion. Defendants further contend that plaintiffs' failure to respond to this argument on appeal, admits its validity. Such is not the law. Because defendants argued the point, it is here for our decision whether or not the matter is briefed by plaintiffs. *People ex rel. City of Chicago v. The Commercial Union Fire Insurance Co.* (1926), 322 Ill. 326, 335, 153 N.E. 488, 492. See also *Daley v. Jack's Tivoli Liquor Lounge, Inc.* (1969), 118 Ill.App.2d 264, 266-275, 254 N.E.2d 814, 815-819.

■■ Thus, the holding of this court on the first review of this case, that defendants were estopped from raising the defense of usury and the allowance of the payment of a usurious rate of interest, is binding upon the trial court to the extent that it could not proceed inconsistently with those views. It was therefore proper for the trial court to deny leave to defendants to file their answer and counter-claim as the former attempted to raise the defense of usury and the latter attempted to do indirectly that which defendants were estopped from doing directly.

■■ In considering whether summary judgment was properly granted we are guided by the principle that summary judgment should be granted "if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (See *Fooden v. Board of Governors of State Colleges*

*and Universities* (1971), 48 Ill.2d 580, 586, 272 N.E.2d 497, 500.) Defendants contend that a genuine issue of material fact remains as a result of their counter-affidavit and answer to plaintiffs' motion for summary judgment which stated that plaintiffs had, at the time the note was executed, knowledge that the interest rate was usurious. This knowledge, defendants urge makes it impossible for plaintiffs to rely upon estoppel to obviate the effect of the usury laws. The allegation of knowledge on the part of plaintiffs was brought into the case after it had been remanded to the trial court. As that matter could have been raised and passed upon prior to the first appeal in this case, it cannot now be brought up. See *Kazubowski v. Kazubowski* (1970), 45 Ill.2d 405, 413-414, 259 N.E.2d 282, 288, *cert. denied,* (1970) 400 U.S. 926; *Paulus v. Smith* (1968), 93 Ill.App.2d 84, 87-88, 235 N.E.2d 292, 294; and *Meyer v. Povilat* (1959), 20 Ill.App.2d 279, 282, 156 N.E.2d 4, 5-6. Defendants contend that the doctrine of *res judicata* should not be applied to this case because no trial on the merits was had. Such is not the law when a case is postured as is the instant case. See generally *Kazubowski v. Kazubowski, supra,* and *Finley v. Crossley* (1953), 414 Ill. 105, 106, 110 N.E.2d 255, 256.

■■ Defendants also contend that the prior opinion of this court: (1) violates the Constitution; (2) was an invalid attempt to judicially legislate; (3) was contrary to the legislative intent; (4) allows plaintiffs to recover an illegal bonus; and (5) was an invalid attempt to order the payment of interest at a usurious rate. These contentions however are an obvious and deliberate attempt to relitigate the issues presented on the prior appeal and will not be considered. See generally *People ex rel. Maeras v. Chicago, Burlington & Quincy R.R.* (1967), 36 Ill.2d 585, 588, 224 N.E.2d 248, 250.

■■ Defendants further contend that they were not given an opportunity to plead to estoppel until remand. This is not so. The matter of estoppel was raised by plaintiffs' "Answer to Defendant's Motion for Summary Judgment" which was filed before summary judgment was initially granted to defendants. It is interesting to note that defendants made no reply to this Answer and the accompanying affidavits, all of which state that plaintiff had no knowledge of the usurious rate of interest. Additionally, defendants' briefs in the prior appeal, of which we may take judicial notice, *People ex rel. Maeras v. Chicago, Burlington & Quincy R.R., supra,* at 36 Ill.2d 587, 224 N.E.2d 249, argued that defendants should not have been estopped from pleading the defense of usury.

■■ Plaintiffs urge this court to compensate them for the reasonable expenses incurred as a result of a counter-affidavit filed by defendants allegedly in bad faith. After plaintiffs had moved for summary judgment,

defendants filed an "Amended Answer and Counterclaim" to which plaintiffs responded seeking, among other remedies, relief under section 41 of the Civil Practice Act. Defendants then filed a "Counter Affidavit and Answer to Plaintiffs' Motion for Summary Judgment" which we assume is the counter-affidavit referred to by plaintiffs in their brief to this court as plaintiffs make no reference to the page in the record where the document may be found. The court order granting defendants' motion for summary judgment made no mention of plaintiffs' request for relief under section 41. It is clear from the above summary of pleadings that plaintiffs did not raise in the trial court the matter of the alleged bad faith nor untrue pleadings involved in the filing of defendants' counter-affidavit. It cannot, however, be presented for the first time on appeal. *Wilson v. White Motor Corp.* (1969), 118 Ill.App.2d 436, 440, 254 N.E.2d 277, 279.

The judgment of the circuit court is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.