THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS P. WALSH, Defendant-Appellant.

First District (2nd Division)    No. 80-2707

Opinion filed October 27, 1981.—Supplemental opinion filed on denial of
rehearing December 15, 1981.

James J. Doherty, Public Defender, of Chicago (Mary T. Woodward, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and Martin D. Reggi, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendant, Thomas Walsh, was convicted of two counts of aggravated kidnapping and one count of deviate sexual assault and elected to be sentenced under the determinate sentencing provisions of the Class X legislation. The trial court sentenced defendant to two concurrent extended terms of 60 years for the aggravated kidnapping convictions but inadvertently failed to sentence defendant for the deviate sexual assault conviction. On appeal, we affirmed defendant's convictions but remanded the cause to the trial court with directions to enter proper sentences on the aggravated kidnapping convictions[1] and to impose sentence on the deviate sexual assault conviction. *People v. Walsh* (1980), 80 Ill. App. 3d 754, 770, 400 N.E.2d 587, 599.

Following remand, the trial court permitted both the State and defendant to introduce further evidence in aggravation and mitigation. The State, however, offered nothing in aggravation beyond that which was presented at defendant's first sentencing hearing. Further, the trial court denied defendant's request that he be allowed to elect anew between the indeterminate sentencing provisions in effect at the time of his offenses and the determinate provisions in effect at the time of sentencing. The court sentenced defendant to 50 years for deviate sexual assault; ordered one count of aggravated kidnapping merged with deviate sexual assault; and resentenced defendant to an extended term of 30 years on the remaining aggravated kidnapping count. From those sentences, defendant has appealed.

■■ The sole issue presented by this appeal is whether the trial court properly carried out this court's directions for resentencing when, on remand, it refused to allow defendant to elect again between determinate and indeterminate sentencing. The mandate reads, in part, that "the cause is remanded for sentencing not inconsistent with the opinion of this court filed herein." By express direction of the mandate, therefore, the proceedings in the trial court upon remand had to conform to the views expressed in the opinion. *Cohn v. Receivables Finance Co.* (1972), 7 Ill.

---

[1] Aggravated kidnapping other than for ransom is a Class 1 felony. (Ill. Rev. Stat. 1977, ch. 38, par. 10—2(b)(2).) The maximum extended term for a Class 1 felony is 30 years. Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—2(a)(3).

App. 3d 869, 872, 288 N.E.2d 894, 897; *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 427 N.E.2d 122.

Defendant acknowledges that "the mandate of a reviewing court gives the trial court jurisdiction to do only that which the mandate requires," (*People v. Lowther* (1980), 85 Ill. App. 3d 735, 739, 407 N.E.2d 1038, 1041) and that "[p]recise and unambiguous directions * * * must be obeyed" (*Thomas v. Durchslag* (1951), 410 Ill. 363, 365, 102 N.E.2d 114), but contends that the directions in this case were ambiguous. Because of this alleged ambiguity, defendant argues that the trial court erred when it interpreted this court's opinion to preclude defendant from making a second election between determinate and indeterminate sentencing. We find no such ambiguity and reject defendant's argument.

■■ In part IV of our original opinion we concurred with the State's contention that "the cause should be remanded * * * for sentencing because the trial court failed to sentence defendant for deviate sexual assault, a Class X felony," and noted defendant's election to be sentenced under the Class X legislation. (*Walsh*, at 770 n.5.) In light of these explicit references to Class X, we cannot agree that the remandment "for sentencing on the deviate sexual assault conviction" (*Walsh*, at 770) created any ambiguity as to which sentencing statute was to be applied.

With respect to the aggravated kidnapping counts, we accepted defendant's contention that "the cause should be remanded so that the trial court may correctly sentence defendant to an extended term of not more than 30 years for each of the convictions of aggravated kidnapping, a Class 1 felony [citations]." (*Walsh*, at 770.) We stated further, at page 770, that "when factors in aggravation are found to be present, a judge may sentence an offender who has committed a Class 1 felony to an extended term of not more than 30 years." The remandment for "proper sentencing on the aggravated kidnapping convictions" (*Walsh*, at 770) left no doubt as to which sentencing statute was to be applied but clearly envisioned resentencing under the extended term provisions of the Class X legislation. We have also examined the briefs defendant filed in the first appeal and observe that defendant specifically requested proper resentencing under the extended term provisions of the new code.

■■ Based on the foregoing, we conclude that the trial court did not err when it refused to permit defendant to elect anew. This conclusion bars consideration of defendant's related claim that a new election should have been allowed because the trial court misclassified the aggravated kidnapping convictions as Class X felonies at defendant's first sentencing hearing. A new election would have contravened the directions set forth in our opinion. (*People v. Dukett* (1975), 33 Ill. App. 3d 863, 864-65, 338 N.E.2d 487, 488-89; *People v. Street* (1974), 19 Ill. App. 3d 541, 311 N.E.2d 796; *Beaven v. Village of Palatine* (1969), 106 Ill. App. 2d 160, 169-70, 245

N.E.2d 560, 565-66.) Moreover, this claim must be deemed waived since defendant failed to raise it in the original appeal. *Dukett*; *Street*.

Accordingly, the sentences entered on defendant's convictions are affirmed.

Affirmed.

HARTMAN, P. J., and STAMOS, J., concurring.


## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE PERLIN delivered the opinion of the court:

In his petition for rehearing defendant argues for the first time that an extended term could not be imposed for the offense of aggravated kidnapping other than for ransom because it was not "the most serious offense of which the offender was convicted." Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—2(a).

Section 5—8—2 of the Unified Code of Corrections states:

"A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5—8—1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5—5—3.2 were found to be present." Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—2(a).

Defendant was convicted of aggravated kidnapping other than for ransom, a Class 1 felony, and deviate sexual assault, a Class X felony, and was sentenced to serve extended terms of imprisonment on both convictions. He now argues that the extended term of 30 years for aggravated kidnapping other than for ransom was an illegal sentence because it did not belong to "the class of the most serious offense of which the offender was convicted."

■ In their response to defendant's petition the State initially maintains that defendant has waived this issue by failing to raise it before the trial court or in his first appeal. Under normal circumstances, we would agree that an issue may not be argued for the first time in a petition for rehearing. (Ill. Rev. Stat. 1979, ch. 110A, pars. 341(e)(7), 367(b); *People v. Mallett* (1970), 45 Ill. 2d 388, 397-98, 259 N.E.2d 241.) The waiver rule, however, is not a limitation upon the jurisdiction of the reviewing court but an admonition to the parties. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 224, 230 N.E.2d 831.) Because defendant's petition concerns the legality and not merely the excessiveness of a sentence, in the interest of substantial justice, we choose to address it.

■■ In *People v. Evans* (Docket Nos. 54395, 54396, November 20, 1981), 87 Ill. 2d 77, 429 N.E.2d 520, the supreme court held that an extended term may be imposed only for the most serious offense of which the offender is convicted. (87 Ill. 2d 77, 87.) In light of this holding we conclude that the trial court erred in sentencing defendant to an extended term of 30 years for the offense of aggravated kidnapping other than for ransom. Accordingly we reduce defendant's sentence on that conviction to 15 years, which is the maximum for a Class 1 felony. As modified, defendant's sentences for aggravated kidnapping other than for ransom and deviate sexual assault are affirmed. Defendant's petition for rehearing is denied.

Sentences affirmed, as modified.

HARTMAN, P. J., and STAMOS, J., concur.