In the Matter of Van Walters *et al. v.* Board of Children's Guardians, etc.

Filed Nov. 5, 1892.

---

No, 16,625.

## In the Matter of Van Walters et al. *v.* The Board of Children's Guardians of Marion County.

BOARD OF GUARDIANS.—*Decree Committing Children to Custody of.—Petition to Set Aside.—Insufficiency of.*—Where, by decree of court, the custody of children was taken from the parents and committed to a "Board of Children's Guardians," the decree will not be set aside upon a petition of the parents, which alleged that the children were not at any time neglected, abandoned or ,cruelly treated or subjected to vicious influences; that the mother of the children was so distracted in mind and so crazed with grief over her children being taken from her that she was at the time incapable of comprehending or doing anything; and that the petitioners were able and willing to take care of the children, and to make reasonable provision for their physical comfort and welfare and to give them a good education. A judgment that has all the attributes of a valid judgment imports absolute verity, and can not be

In the Matter of Van Walters *et al. v.* Board of Children's Guardians, etc.

successfully avoided by allegations which simply contradict it. Under such an attack it must be conclusively presumed that there was evidence fully justifying the judgment of the court of original jurisdiction.

SAME—*Constitutionality of Statute Establishing.*—The statute of this State which provides that children may be taken from the custody of parents whose course of life or whose evil conduct unfits them to rear children, and be committed to the custody of a "Board of Children's Guardians" is constitutional. The interests and rights of the parents are guarded in said statute by the requirement that their children shall not be taken from them without a hearing upon due notice in the courts of the State. There is neither denial nor abridgment of constitutional rights.

JUDGMENT.—*Impeachment of.—Mental Incapacity of Par t.— What Must be Alleged.*—One who seeks to impeach a judgment upon the ground of mental incapacity must directly state material facts, showing the existence of such mental incapacity at the date of the rendition of the judgment.

PRACTICE.—*Answers to Interrogatories.— When Party May Not Compel.—* Where a petitioner has no cause of action he has no right to compel answers to interrogatories.

From the Marion Circuit Court.

*J. B. Julian* and *J. F. Julian,* for appellants.

*C. L. Hare,* for appellee.

ELLIOTT, J.—The petitioners in the court below, Georgia Wilkins and John D. Wilkins, are here the appellants. The material allegations of their complaint are these: That the appellant Georgia Wilkins is the mother of Mary Van Walters, William F. Van Walters, and Clara Van Walters; that she married her co-appellant on the 17th day of August, 1891; that the eldest of the three children was born on the 31st day of August, 1879, and the youngest on the 12th day of February, 1887; that on the 11th day of July, 1891, the children, by a decree of court, were committed to the custody of the appellee; that neither of the children was "at any time abandoned, neglected or cruelly treated, nor were they of vicious habits, nor were their surroundings of such a character as to lead to their demoralization;" that the petitioner, Georgia Wilkins, was so distracted in mind, so crazed with grief

over her children being taken from her, that she was at the time incapable of comprehending or doing anything; " that the petitioners are able and willing to take care of the children, and to make reasonable provision for their physical comfort and welfare, and that they are able and willing to see that the children "go to school and receive a good education." The petition prays that the decree be set aside or that it be so modified as to give them custody of the children for a time specified to enable them to convince the court that they are competent to take care of the children.

It has been for many centuries theoretically true that the State, through its appropriate organs, is the guardian of the children within its borders. The constitution of a State is always presumed to be framed by organized society governed by settled principles. *State, ex rel.,* v. *Noble,* 118 Ind. 350 (361) ; *Johnston* v. *State, ex rel.,* 128 Ind. 16 (18), and authorities cited.

It is, therefore, proper to assume that our constitutions, and our laws enacted under it, sanction and confirm the great principle of the sovereign's guardianship of the children within the dominions of the sovereign. But while it is true that this great principle is thus sanctioned and confirmed, it is still true that the equally great principle that natural rights vest in parents the custody and control of their children is confirmed and enforced. This high and strong natural right yields only when the welfare of society or of the children themselves comes into conflict with it ; but where there is such conflict the supreme right of guardianship asserts itself for the protection of society and the promotion of the welfare of the wards of the commonwealth. It is unnecessary to define the boundaries or prescribe the limits of the power of the State to take children from the custody of parents who will lead them into evil paths or surround them with vicious influences and place them in the custody of those

who will train and educate them for good lives and make them useful members of society, for our statute is far within the limits of the great power of inherent State guardianship. The statute, which provides that children may be taken from the custody of parents whose course of life or whose evil conduct unfits them to rear children so that they will become good and useful citizens, was enacted pursuant to the great constitutional provision of which we have spoken, and is not to be broken down by the declaration of a doctrine that will make the duty of those who are selected to take charge of the children so vexatious and difficult that good men and women will be deterred from accepting the office, which, at best, is an unpleasant one. The statute violates no constitutional principle, inasmuch as it guards the interests and rights of parents by requiring that their children shall not be taken from them without a hearing, upon due notice, in the courts of the State. As a check to an abuse of power and the exercise of arbitrary authority by the courts of original jurisdiction, it provides for the right of appeal to the highest court of the State. Here, then, we have a case where the proceedings are founded upon a statute enacted for the purpose of promoting the highest interests of society and in which ample provision is made for a hearing before a court of justice upon due process of law. There is neither denial nor abridgment of constitutional rights, and, hence, no reason why a proceeding conducted in accordance with the provisions of the statute should be excepted from the operation of the general rules of law. What those rules award to the appellants they are entitled to demand, but they are entitled to nothing more.

The fundamental rule is that public officers are presumed to do their duty. This rule intensifies in force when applied to judges, for they hear with deliberation, act with impartiality, and decide upon the law and the evidence. In the law they are learned, and the evidence

(upon which they act) they derive, under wise rules, from trustworthy sources. If this were a direct attack in the strongest form, it would be our plain duty to presume that the trial court acted upon sufficient evidence, proceeded in regularly, and gave a just judgment. See authorities cited Elliott's Appellate Procedure, sections 709, 710, 712. Under the attack here made we are imperatively required to conclusively presume that there was evidence fully supporting the judgment of the court of original jurisdiction.

Another relevant rule, and an old one, is expressed in the maxim, " A man shall not be twice vexed for one and the same cause." We should violate this rule without justification or excuse if we sustain the assault of the appellants upon the judgment from which this appeal is prosecuted. That judgment has all the attributes of a valid judgment, for there was a hearing in a court of justice, and the hearing was upon due notice. The only allegations that assail the judgment are those which contradict it, and contradiction can not be suffered since judgments import absolute verity. If we should hold that a defeated suitor may deny what a solemn judgment affirms, we should necessarily adjudge that issues may be tried again and again despite a judgment rendered in due course of law by a court possessing plenary jurisdiction; that we can not do, inasmuch as to do it would be to defy authority and disregard principle.

The vague and indefinite allegation concerning the mental condition of the petitioner, Georgia Wilkins, is not sufficient to overthrow a solemn judgment. One who seeks to impeach a judgment upon the ground of mental incapacity must directly state material facts, for mere rhetoric can not supply their place. Here there are general statements showing, if they show anything at all of a substantial nature, mere temporary mental trouble, and that is not enough to overbear a judgment pronounced after a lawful hearing. For anything that appears, the

mental condition may have lasted but a brief time and not even approached insanity.

Where a petitioner has no cause of action he has no right to compel answers to interrogatories.

Judgment affirmed.

Filed Nov. 15, 1892.