BOARD OF ZONING APPEALS OF CITY OF VALPARAISO ET AL. *v.*
ROBERTA SINK ET UX.

[No. 372A123. Filed August 9, 1972. Rehearing
denied September 13, 1972.]

*William H. Wagner, John E. Hughes, Chester, Clifford, Hoeppner & Houran*, of Valparaiso, for appellants Perez; *James S. Bozik, Blachly, Tabor & Bozik*, of Valparaiso, for appellant Board of Zoning Appeals.

*Robert J. Walker*, of Chesterton, for appellees.

STATEMENT ON APPEAL

STATON, J.—Linda Perez and Rogelio M. Perez obtained two variances on separate occasions. Both variances were granted by the Board of Zoning Appeals so that a garage

built in violation of the minimum six foot side yard requirements could remain on the Perez' premises. On the first occasion that the Perez' petition for a variance was granted, Roberta K. Sink and Harry Sink appealed the granting of the variance by the Board of Zoning Appeals to the Porter Superior Court. This was done by filing a writ of certiorari as provided by statute. The Porter Superior Court's judgment reversed the granting of the variance. This judgment was not appealed. On the second occasion, some five months later when the Perez' filed their petition for the same variance, they were again granted the variance by the Board of Zoning Appeals. Roberta K. Sink and Harry Sink did not follow the statutory remedy of writ of certiorari for a review as they had before to reverse the decision of the Board of Zoning Appeals. Instead, they filed a "Verified Motion to Enforce Court Decree" in the Porter Superior Court. This motion was granted. It was founded upon the theory of *res judicata.* Linda Perez and Rogelio M. Perez filed their motion to correct errors which raises these fundamental questions:

1. Is a "Verified Motion to Enforce Court Decree," which relies upon the theory of *res judicata,* a collateral attack upon a Board of Zoning Appeals' decision and therefore, contrary to law?
2. Is the statutory remedy the exclusive remedy available to remonstrators who are seeking to reverse a decision of the Board of Zoning Appeals?

Our following opinion answers both questions in the affirmative.

STATEMENT OF FACTS: Linda Perez and Rogelio M. Perez had built a garage on their property at 2204 Fernhill Drive, Valparaiso, Indiana. Their property adjoins that of Roberta K. Sink and Harry Sink. A hearing was held before the Valparaiso Board of Zoning Appeals on November 23, 1970 upon a petition for a variance filed by Linda Perez and Rogelio M. Perez to allow them a variance from the six foot minimum side yard requirement and the twenty-five foot minimum front yard requirement of the zoning ordinance of

the City of Valparaiso which their garage violated. This petition for variance was granted. Roberta K. Sink and Harry Sink appealed the Valparaiso Board of Zoning Appeals decision by filing their writ of certiorari as provided by IC 1971, 18-7-5-87; Ind. Ann. Stat. § 53-783 (Burns 1972 Supp.). The Porter Superior Court rendered the following judgment on April 23, 1971:

> "Comes now the court, and in judgment taken under advisement herein, now finds that the plea of the petitioners herein, and the allegations contained therein are true; that the Board of Zoning Appeals acted contrary to law and their decision should be, and hereby is, reversed.
>
> "It is therefore ordered, adjudged and decreed by the court that the decision of the Board of Zoning Appeals heretofore entered in this cause, is hereby reversed."

This judgment rendered by the Porter Superior Court on April 23, 1971 was never appealed by Linda Perez and Rogelio M. Perez.

A second petition was filed with the Valparaiso Board of Zoning Appeals for the same variance on September 28, 1971. Roberta K. Sink and Harry Sink appeared at the hearing upon this petition and advised the Valparaiso Board of Zoning Appeals that it was bound by the final decree of the Porter Superior Court entered on April 23, 1971. The Board of Zoning Appeals granted the variance to Linda Perez and Rogelio M. Perez.

Instead of filing a writ of certiorari and following the statutory procedure for review, the Sinks filed a "Verified Motion to Enforce Court Decree" with the Porter Superior Court on October 7, 1971. This motion prayed for the following relief:

> "WHEREFORE, Plaintiffs move the Court to enter a supplemental order declaring that the action of the VALPARAISO BOARD OF ZONING APPEALS on September 28, 1971, is null and void and without any effect whatsoever, being *res adjudicata* and contrary to the final judgment and decree previously entered in this cause, and to restrain the VALPARAISO BOARD OF ZONING APPEALS from

issuing any further variances to LINDA PEREZ and ROGELIO M. PEREZ, their successors and assigns, from the application of the front yard and side yard setback requirements of the Valparaiso Zoning Ordinance, and to mandate the Valparaiso Board of Zoning Appeals to enforce the Zoning Ordinance of Valparaiso as it applies to these violations without further delay and to take any and all other action necessary to compel compliance with the Ordinance, and any and all other relief necessary and proper in the circumstances."

The Porter Superior Court sustained the Sinks' motion. Its judgment reads in part as follows:

"The defendants, Perezes further move the court to strike and dismiss Plaintiff's 'Verified Motion to Enforce Court Decree.' The court now rules on said motion as follows:

1. The statutory law on which this cause was based gave the Circuit Court authority to hear and decide appeals from Boards of Zoning Appeals. Inherent in that authority is the power to enforce its judgment should the lower body refuse to recognize it. To hold otherwise would be to nullify the entire proceeding.

2. The Court has continuing jurisdiction over the Parties and the initiations of an original (sic) and distinct cause is unnecessary.

3. This proceeding is directed to the Valparaiso Board of Zoning Appeals and notice to defendants Perez is not required.

4. The judgment of this court reversed the Board of Zoning Appeals' decision in the manner provided by Statute. The effect of this was that the variance was denied. The statutes under which the Board of Zoning Appeals Acts sets out the action they are obliged to take under such circumstances. The law contemplates such action. The judgment is not advisory or declaratory. It is mandatory.

5. This cause arises from the statutory procedure provided for appeals from the decision of the Board of Zoning Appeals.

6. The above findings point out that the motion does state a claim for relief. Defendants, Perezes, motion to strike and dismiss is overruled and dismissed in all specifications therein contained. We now come to the consideration of the merits of this motion to enforce the Court's decree.

"The transcript of proceedings filed by the Board of Zoning Appeals clearly shows the Board reheard the same issues on which this court originally entered judgment. Mr. Wagner stated this to be true in his opening statement to the board. An examination of this entire record shows the same discussions and considerations were had by the Board and the attorneys. Board member Laube asked for new facts to establish jurisdiction of the Board as a new cause. Mr. Bozik said new facts would be necessary but none were given, Mr. Wagner gave none and said none were necessary. Board member Laughery aptly stated the position and attitude of the Board when she said she had heard nothing new and had not changed her previous opinion. Regardless of the opinion of one Board Member or all of them, they were duty bound to follow the law and specifically the judgment of a reviewing court.

"The court now orders and directs the Valparaiso Board of Zoning Appeals to strike all proceedings had by it involving this matter and these parties subsequent to April 23, 1971, to deny the variance sought by Linda Perez and Rogelio M. Perez for front yard and side yard set back requirements of the Valparaiso Zoning Ordinances and to act consistent with the judgment entered in this cause on April 23, 1971."

STATEMENT ON THE LAW: The "Verified Motion to Enforce Court Decree" and the Porter Superior Court judgment thereon are both relying on the same fundamental premise: *that a court of equity has the power to order adherence to the res judicata effect of its judgments*. This premise is erroneous. *Res judicata* emanates from the final judgment and is the effect of a final judgment. *Res judicata* does not emanate from nor is it directly related to the power of a judicial tribunal to enforce its final judgment. The doctrine of *res judicata* is an ancient doctrine which comes to us from the Roman Forum.

"The doctrine of res judicata is a principle of universal jurisprudence forming part of the legal systems of all civilized nations. It was administered in the forum of Rome. It thence passed to those countries of continental Europe which came under the sway of the civil law; and the luminous reasoning of the civilians has exerted a marked influ-

ence upon English and American jurists in the development of the doctrine within the body of the common law." 2 Freeman on Judgments, § 627, at 1321.

\* \* \*

"A judgment is a bar, not because a party has done some act which precludes him from asserting a right or title; it is properly a bar on principles of public policy, because the peace and order of society, the structure of our judicial system, and the principles of our government require that a matter once litigated should not again be drawn in question between the same parties or their privies. The doctrine of res judicata rests on the two maxims that 'A man should not be twice vexed for the same cause,' and that 'it is for the public good that there be an end to litigation." 2 Freeman on Judgments, § 626, at 1318-1319.

See also *In Re Van Walters* v. *Board of Children's Guardians of Marion County* (1892), 132 Ind. 567, 32 N. E. 568.

Public policy has evolved in this country which denies relitigation of disputes formerly adjudicated. Economy of time and fairness to the parties is the cornerstone of the policy.[1] For this reason, *res judicata* has been considered over the years as a defense which must be affirmatively pleaded before the second tribunal. See Rule TR. 8(C) of the Indiana Rules of Procedure. See also 1 Ind. Prac. — Rules of Civil Procedure, Harvey, at 483.

We hold that the doctrine of *res judicata* has evolved as a matter of public policy. It does not emanate from the court of equity's power to enforce compliance with its judgments. *Res judicata* operates as a defense to a second or subsequent action in a second or subsequent tribunal. As a matter of public policy, the second or subsequent tribunal will refuse to relitigate the dispute which has been adjudicated between the litigants. Therefore, the Porter Superior Court did not have the power to enforce the *res judicata* effects of its final judgment rendered on April 23, 1971.

---

1. "The courts for the economy of time belonging in common to all litigants, will not consider a point which has already been adjudicated between the same parties." *State Hospital* v. *Consolidated Water Supply Co.* (1920), 267 Pa. 29, 110 A. 281, 283.

Most courts have viewed the granting or denying of variances by boards of zoning appeals as a quasi-judicial determination and have applied the doctrine of *res judicata* to their decisions.[2] This is the law in Indiana. *Braughton* v. *Metropolitan Board of Zoning* (1970), 146 Ind. App. 652, 257 N. E. 2d 839 [21 Ind. Dec. 207].

The defense of *res judicata* must first be asserted by the remonstrators before the Board of Zoning Appeals. The burden of proof is upon the remonstrators to establish that no substantial change has taken place since the last petition for variance.[3] In *Braughton, supra,* this Court held in an opinion written by Judge Sullivan that:

"In instances in which the doctrine of res judicata is clearly applicable it is unquestioned that the burden to plead and prove such defense is upon the person seeking to impose it." *Braughton, supra,* 21 Ind. Dec. 207, at 212, 257 N. E. 2d 839.

Once the defense of *res judicata* is asserted and established in the record before the Board of Zoning Appeals, a decision granting the variance can only be reviewed as provided by statute. *Kupfer* v. *Board of Zoning Appeals of Indianapolis* (1959), 130 Ind. App. 55, 162 N. E. 2d 110. The sole question for the reviewing trial court is whether the remonstrators have sustained their burden of proof on *res judicata.*

The "Verified Motion to Enforce Court Decree" was a collateral attack upon the Board of Zoning Appeals' decision which can only be reviewed as provided by statute. This is true even if *res judicata* does apply to the decision.

2. See *Turf Valley Associates* v. *Zoning Board of Howard County* (1971), 262 Md. 632, 278 A. 2d 574; *In Re Clements' Appeal* (1965), 2 Ohio App. 2d 201, 207 N. E. 2d 573; *Beaven* v. *Village of Palatine* (1959), 22 Ill. App. 2d 274, 160 N. E. 2d 702.

3. Unlike the application of the doctrine in the judicial tribunals, the doctrine has been held inapplicable in quasi-judicial tribunals where there has been a substantial change in the circumstances since the variance was denied or granted or reversed by the court on review. 2 F. Cooper, *State Administrative Law* (1965), at 518-521.

The judgment of the trial court should be and the same hereby is reversed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported in 285 N. E. 2d 655.