Charles Ben HOWELL,
Plaintiff-Appellant,

v.

Carl THOMAS, Sheriff, Dallas County,
Texas, Defendant-Appellee.

No. 77–1633

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 1978.

Rehearing and Rehearing En Banc
Denied March 17, 1978.

Tom S. McCorkle, Jr., Melvyn Carson Bruder, Dallas, Tex., for plaintiff-appellant.

Henry Wade, Crim. Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for defendant-appellee.

Before THORNBERRY, RONEY and RUBIN, Circuit Judges.

PER CURIAM:

Appellant Charles Ben Howell, a Texas attorney, was cited for contempt in a Texas state court for failure to disclose collateral legal proceedings when questioned by the judge during default proceedings in a divorce case. A second contempt charge occurred during the hearing on the first contempt charge when appellant refused to name any of the four attorneys he had allegedly approached to defend him. This Court examined the case and denied relief in a former appeal from a denial of a 28 U.S.C.A. § 2254 petition. *Howell v. Jones,* 516 F.2d 53 (5th Cir. 1975), *cert. denied,* 424 U.S. 916, 96 S.Ct. 1116, 47 L.Ed.2d 321 *reh. denied,* 425 U.S. 945, 96 S.Ct. 1687, 48 L.Ed.2d 189 (1976).

The issues presented here have not been presented to the state courts. The district court ruled that "requiring Howell to resort to State procedures would deny him any effective relief. The requirement of exhaustion is therefore satisfied."

Appellant argues that in a disbarment proceeding following his conviction for contempt, a jury found in his favor on

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

essentially the same facts. He contends the enforcement of the contempt order is thus collaterally estopped. No cases have been found which support the novel contention that the outcome of a second proceeding can collaterally estop the effect of an already concluded prior proceeding.

Appellant makes several further contentions: due process principles of fundamental fairness prohibit punishment in this case, the record fails to reflect that the state judge convicted petitioner of obstruction of justice, or, alternatively, the record is inadequate to stand in opposition to the jury verdict, and there was a variance between the charges and the evidence. None of these contentions are sufficient to justify relief in a federal court. The argument that the factual basis of the Fifth Circuit's prior opinion is incorrect misconceives both the prior opinion and the authority of one panel to overrule the decision of another panel of this Court.

A thorough examination of all appellant's contentions on appeal lead to the conclusion that the denial of Howell's petition for § 2254 relief must be

AFFIRMED.