BRADLEY, Judge.
The instant appeal arises from an unsuccessful attempt on the part of Edna F. Cluxton to establish a common-law marriage between herself and Ralph Cluxton. Her complaint and testimony adduced at trial show that the parties to this appeal had been married in a March 11,1973 ceremony and that they were divorced on February 20,1980. She further said that Clux-ton moved back into her residence during the second week of March 1981 and that he remained there until October of the same year. Mrs. Cluxton requested that the trial court find, on the basis of this evidence and testimony, that Cluxton had made references to her as his wife, that a common-law marriage had been established during their period of cohabitation and grant her a second divorce from Cluxton. After hearing evidence presented by Mrs. Cluxton, the trial court granted a motion for directed verdict under rule 50, Alabama Rules of Civil Procedure, made by the defendant.
Mrs. Cluxton contends in her brief that the trial court improperly granted defendant’s motion for directed verdict at the close of her evidence. The present case was tried before the court sitting without a jury and it is improper for the court in such a situation to direct a verdict. See Greene v. Jones, 377 So.2d 947 (Ala.1979); Quick v. State Department of Industrial Relations, 398 So.2d 312 (Ala.Civ.App.1981); Chaney v. General Motors Corp., 348 So.2d 799 (Ala.Civ.App.1977). When the evidence is presented to the court sitting without a jury, the proper method to have an action terminated is by a motion to dismiss under rule 41(b), A.R.Civ.P. The Committee Comments to that rule state:
“Rule 41(b), F.R.C.P., as originally promulgated, applied to both jury and non-jury cases. By amendment, its function is clearly limited to non-jury cases. In a jury case, Rule 50 applies and the court is limited to a question of law (thereby preserving jury trial right) as to the sufficiency of plaintiff’s prima facie case. In a non-jury case, the court, under Rule 41(b), as ultimate trier of fact, is free to weigh the evidence and the credibility of the witnesses.” (Citations omitted.)
We shall, however, review the record before us as if the motion granted had been one for dismissal under rule 41(b), A.R.Civ.P., rather than one for directed verdict under rule 50, A.R.Civ.P.
In granting defendant’s motion for dismissal under rule 41(b), the trial court found that Mrs. Cluxton had failed to establish the existence of a common-law marriage. Although it did not specify its reasons for the finding, the trial court’s conclusion is tantamount to a determination that the evidence presented by Mrs. Cluxton in her case in chief was insufficient to show that she had met her burden of proving the existence of a common-law marriage. Our task in reviewing a record in which a trial court has granted a motion to dismiss under rule 41(b), A.R.Civ.P., is to determine whether the decision is supported by the evidence. Strickland v. National Gypsum Co., 348 So.2d 497 (Ala.Civ.App.1977). See also Jacoby v. Bell, 370 So.2d 278 (Ala.1979). We find in the instant appeal that the trial court’s decision that Mrs. Cluxton failed to meet her burden of proof was supported by the evidence and that dismissal of the action was proper.
*1298 The decision of Piel v. Brown, 361 So.2d 90 (Ala.1978), stands for the proposition that three elements must be present for the existence of a valid common-law marriage. These are: “(1) capacity, (2) present agreement or consent to be husband and wife, and (3) consummation.” The element of consent is found to be present when the parties evidence a mutual intention to enter into a common-law marriage and must be “a present intention, not an intention to marry in the future.” (Citations omitted.) Piel v. Brown, supra. Consent may, of course, be inferred from facts and circumstances and need not rest exclusively on the declarations of the parties. Piel v. Brown, supra. In Beck v. Beck, 286 Ala. 692, 246 So.2d 420 (1971), the supreme court stated:
“The mutual consent by a man and woman capable in law of making a marriage contract to presently enter into the marriage relation, permanent and exclusive of all others, to which we will sometimes hereinafter refer simply as mutual consent, must be followed by a public recognition of the existence of the common-law marriage.” (Citations omitted.)
The record before us discloses that Mrs. Cluxton’s evidence falls far short of establishing the present intention to enter into a common-law marriage and tends to establish at best a vague promise on Clux-ton’s part to be married at some point in the future. Her evidence showed that Cluxton moved back into her residence from March to October of 1981. There is further testimony to show that he also lived with Mrs. Cluxton during intermittent periods at later times. Mrs. Cluxton herself and witnesses who testified in her behalf stated that Cluxton made references to her on several occasions as “my old lady” and “my better half.” Appellant in brief argues that such statements show the requisite degree of present intention to be married and are also evidence of “a public recognition of the existence of the common-law marriage.” (Citations omitted.) See Beck v. Beck, supra. We disagree.
Notwithstanding such references, Mrs. Cluxton testified to a conversation between herself and her former husband in which he asked to move back into her residence which negates her claim of a showing of their present intention to be married. She indicated that she told him that she had reservations about their living together in a situation in which they were not legally married and that her children also had doubts about their relationship. Mrs. Clux-ton stated that she told him they could discuss the possibility of living together further when he was ready to marry her. Cluxton then moved back into her residence without making a specific reply to her statements. These facts support the conclusion that Mrs. Cluxton and her former husband lacked the present intention to engage in a common-law marriage. Moreover, it could be inferred from these facts that the parties to this appeal had discussed plans to be married at some indefinite time in the future.
We also find that during their period of cohabitation Mrs. Cluxton and the former husband never handled their finances in such a manner as to evidence the present intention to engage in a marital relationship. She testified that they maintained separate accounts and that Cluxton did little to help with household expenses. She also stated that she loaned him money to help establish a business and that he repaid her.
Based on the evidence presented to it, the trial court concluded that Mrs. Cluxton had failed to establish a common-law marriage. See Piel v. Brown, supra. We agree with the trial court’s decision.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.