Adam M. COLEMAN, Appellant
(Claimant Below),

v.

TARGET STORES, Appellee
(Employer Below),

and

The Review Board of the Indiana Employment Security Division, Appellee.

No. 2–583A148.

Court of Appeals of Indiana,
Third District.

Nov. 28, 1983.

Howard N. Bernstein, Indianapolis, · for appellant.

Linley E. Pearson, Atty. Gen., Robert K. Johnson, Deputy Atty. Gen., Indianapolis, for appellee the Review Bd. of the Indiana Employment Sec. Div.

Michael J. Hebenstreit, Indianapolis, for appellee Target Stores.

STATON, Judge.

Target fired Adam Coleman, a night maintenance man and prosecuted him for conversion, a class A misdemeanor. The deputy awarded to Coleman unemployment benefits after he was acquitted of the conversion charge. Target successfully appealed the award to the Appeals Referee (Referee). Later, the Review Board (Board) adopted the Appeal Referee's decision. Coleman contends that because he neither admitted to or was convicted of conversion the Indiana Employment Security Division (Division) did not have jurisdiction to hear Target's appeal of his award of benefits.

Affirmed.

Coleman contends that neither the Referee nor the Board had jurisdiction to determine whether he was discharged for just cause with the same evidence which the trial court found to be insufficient to convict him of conversion. He asserts that the Division's acceptance of Target's appeal from the award of benefits is an unconstitutional encroachment upon the powers of

the judiciary. Further, Coleman asserts that once Target chose to prosecute him for conversion, it lost access to administrative review.

The Indiana Employment Security Act (Act) grants to Target the right to appeal a deputy decision first to the Referee and then to the Board. The statutory provision which grants an appeal to a Referee from a deputy decision reads in pertinent part:

"22–4–17–2 [52–1542a]. *Examination and determination of claims—Notice— Requests for review—Hearings—Correction of errors.—*

"(a) *When an individual files an initial claim the division shall promptly make a determination of his status as an insured worker ... Unless the individual, within twenty [20] days after such determination was mailed to his last known address, or otherwise delivered to him, asks a hearing thereon before a referee, such determination shall be final and benefits shall be paid or denied in accordance therewith.*

"(b) *The division shall promptly furnish each employer in the base period whose experience or reimbursable account is potentially chargeable with benefits to be paid to such individual with a notice in writing of his benefit liability ... Unless the employer within twenty [20] days after such notice of benefit liability was mailed to his last known address, or otherwise delivered to him, asks a hearing thereon before a referee, such determination shall be final and benefits paid shall be charged in accordance therewith.*

\*     \*     \*     \*     \*     \*

"(e) *In cases where the claimant's benefit eligibility or disqualification is disputed, the division shall promptly notify the claimant and the employer ... unless the claimant or such employer within twenty [20] days after such notification was mailed to his or its last known address, or otherwise delivered to him or it, asks a hearing before a referee thereon, such decision shall be final and benefits shall be paid or denied in accordance*

*therewith. With respect to notice of disputed administrative determination or decision ... unless such claimant or employer within twenty-five [25] days after such notification was mailed ... asks a hearing before a referee thereon, such decision shall be final ... If such hearing is desired the request therefor shall be filed with the board in writing within the prescribed periods ... In the event a hearing is requested by an employer or the division after it has been administratively determined that benefits should be allowed to a claimant, entitled benefits shall continue to be paid to said claimant unless said administrative determination has been reversed by a due process hearing ...*

\*     \*     \*     \*     \*     \*

"(h) *Notice to the employer and the claimant that the determination of the division is final if a hearing is not requested shall be prominently displayed on the notice of the determination which is sent to the employer and the claimant.* [Acts 1947, ch. 208, § 1802, p. 673; 1953, ch. 177, § 22, p. 626; 1955, ch. 317, § 10, p. 971; 1965, ch. 190, § 11, p. 348; 1969, ch. 300, § 5, p. 1256; 1971, P.L. 355, § 42, p. 1376; 1972, P.L. 174, § 2, p. 844; 1977; P.L. 262, § 27, p. 1115.]"

IC 1983, 22–4–17–2 (Burns Code Supp.) (section 2) (emphasis added). The provisions which grant an appeal from a Referee decision to the Board read in pertinent part:

"22–4–17–3 [52–1542b]. Hearing before referee—Ruling on finding of deputy—Notice of decision—Appeal.—Unless such request for hearing is withdrawn, a referee, after affording the parties a reasonable opportunity for fair hearing, shall affirm, modify or reverse the findings of fact and decision of the deputy. The parties shall be duly notified of such decision and the reasons therefor, which shall be deemed to be the final decision of the review board, unless within fifteen [15] days after the date of notification or mailing of such decision, an appeal is taken by the board or the director or by any party adversely affected by such de-

cision to the review board. [Acts 1947, ch. 208, § 1803, p. 673; 1957, ch. 299, § 4, p. 795.]"

IC 1974, 22–4–17–3 (Burns Code Ed. (section 3).

"22–4–17–5 [52–1542d]. Review board—Appointment—Terms—Transfer of Proceedings from referee—Notice—Hearings.—Any claim pending before a referee, and all proceedings therein, may be transferred to and determined by the review board upon its own motion, at any time before the referee announces his decision. Any claim pending before either a referee or the review board may be transferred to the board for determination at the direction of the board. If such review board deems it advisable to procure additional evidence, it may direct the taking of such additional evidence, within such time as it shall fix.

"Any proceeding so removed to the review board shall be heard by a quorum thereof in accordance with the requirements of section 1803 [22–4–17–3] hereof. The review board shall notify the parties to any claim upon which it renders a decision of such decision, together with its reasons therefor. [Acts 1947, ch. 208, § 1805, p. 673; 1965, ch. 190, § 12, p. 348.]"

IC 1974, 22–4–17–5 (Burns Code Ed.) (section 5). Sections 2, 3, and 5 provide an eligible party with a right to appeal. Compliance with time factors and application forms are the only limitations on that right.

■ The Division used its authority to promulgate 640 IAC 1–11–1 (rule 1) and 640 IAC 1–11–7 (rule 7) which provide an "interested party" with a right to appeal a denial or award of benefits.[1] *General Electric Co. v. Review Board of the Indiana Employment Security Division* (1959), 129 Ind.App. 684, 692–97, 160 N.E.2d 208, 213–14. Rule 1 reads in pertinent part:

"640 IAC 1–11–1 Request for hearing before a referee; requirements; notice.

Authority: IC 22–4–19–1; IC 22–4–19–2.

Affected: IC 22–4–17–2

"Sec. 1. Presentation of Appeal. Any interested party in the claim of an employee shall be entitled to a hearing before a referee relative to the merits of the claim.

An 'interested party' shall mean and include: (a) any claimant for benefits; (b) any employer whose account may be affected by the adjudication of the claim; (c) any employer in the claimant's base period; (d) any employer who has made an offer of work to the claimant or to whose employment claimant has been furnished a referral; (e) the claimant's last or separating employer."

640 IAC 1–11–1. Pursuant to this rule, Target has a right to appeal because it qualifies as an "interested party" under either definition 1(b) or 1(e). *General Electric, supra* at 213–14. Rule 7 provides a party with the right to appeal to the Board:

"640 IAC 1–11–7 Appeals to review board

Authority: IC 22–4–19–1; IC 22–4–19–2

Affected: IC 22–4–17–3; IC 22–4–17–5

"Sec. 7. Appeals to Review Board. Within fifteen (15) days after the date of notification or mailing of the decision of the referee, either party may appeal to the Review Board . . . ."

640 IAC 1–11–7. *General Electric, supra* at 213–14. Therefore, unless this right to appeal is terminated by a deputy award pursuant to IC 1983, 22–4–15–6 (Burns Code Supp.) (section 6) the Referee and the Board had jurisdiction to review the merits of Coleman's claim for unemployment benefits.

Section 6 does not deny an "interested party" the right to appeal acquired under sections 2, 3, and 5. Section 6 reads as follows:

---

1. An agency may only promulgate regulations and rules which fall within its enacting legislation. *Shultz v. State* (1981), Ind.App., 417 N.E.2d 1127, 1136, *reh. denied,* (1981), Ind.

App., 421 N.E.2d 22. The Division promulgated rules 1 and 7 from the following enacting legislation: IC 22–4–19–1 & 2.

"22–4–15–6 [52–1539f]. Discharge for gross misconduct—'Gross misconduct' defined—Benefits held in abeyance.— Notwithstanding any other provisions of this article, no benefit rights or extended benefit rights accrue nor are any benefits or extended benefits payable to any individual based upon wages earned from any employer prior to the day upon which the individual was discharged for gross misconduct in connection with work. 'Gross misconduct' includes a felony or misdemeanor committed in connection with work but only if the felony or misdemeanor is admitted by the individual or has resulted in a conviction. Benefits or extended benefits shall be held in abeyance pending the result of any criminal proceedings. [Acts 1947, ch. 208, § 1507, p. 673; 1953, ch. 177, § 19; 1971, P.L. 355, § 40; 1978, P.L. 2, § 2215; 1980, P.L. 158, § 8.]"

IC 1983, 22–4–15–6 (Burns Code Supp.). Tailored to Coleman's situation, this section merely requires the deputy to postpone his denial or award of benefits until the trial court renders a judgment on the claimant's criminal prosecution; if convicted, the claimant is automatically denied benefits. However, it does not say that the Division loses jurisdiction to hear appeals or that the Deputy's decision is final. Coleman's assertion that an award under section 6 because of his acquittal is final also implies that section 6 is inconsistent with sections 2, 3, and 5.

The prospect of inconsistent provisions requires this Court to examine the Act as a whole to determine the intent of the legislature. *Skaggs v. State* (1982), Ind.App., 438 N.E.2d 301, 306, *reh. denied* (1982), Ind. App., 441 N.E.2d 19. Examining the Act as a whole is particularly applicable where otherwise inconsistent provisions would result. *See Park 100 Development Co. v. Indiana Dept. of State Revenue* (1981), Ind., 429 N.E.2d 220, 223. In addition, it is just as important to recognize what the statute does not say as it is to recognize what it

does say. *In Re Wardship of Turrin* (1982), Ind.App., 436 N.E.2d 130, 132.

■■■■ When reviewing the Act as a whole, it does not seem that the legislature intended to terminate the right to an administrative appeal when benefits are awarded pursuant to section 6. There is no language which limits the appeal right in either the statutory provisions or in the rules which were promulgated under them. To limit an appeal right in such a case would create an exception not provided for either expressly or impliedly. *See Skirvin v. Review Board of the Employment Security Division* (1976), 171 Ind.App. 139, 355 N.E.2d 425.[2] Although Coleman correctly states that the Act must be interpreted in the light most favorable to the claimant, the interpretation Coleman seeks would render sections 2, 3, and 5 as well as rules 1 and 7 void in cases involving criminal acquittals. Accordingly, section 6 merely requires a deputy to await the outcome of a criminal prosecution before he awards benefits; it does not terminate the right to an appeal by an "interested party." This interpretation also defeats Coleman's last contention that the Referee and the Board deliberately rephrased the issue of "discharged for gross misconduct" to "discharged for just cause"; he accuses the Division of intentional encroachment upon the judiciary. We disagree.

The two issues as stated by the Referee and the Board are distinct; they are covered in separate statutory provisions. The Board was not bound by the issues and the theories heard below. *Frey v. Review Board of the Indiana Employment Security Division* (1983), Ind.App., 446 N.E.2d 1341; *Trigg v. Review Board of the Indiana Employment Security Division* (1983), Ind.App., 445 N.E.2d 1010; *Tokheim Corp. v. Review Board of the Indiana Employment Security Division* (1982), Ind.App., 440 N.E.2d 1141. In addition, Coleman did not object to the issue of "discharge for just cause" even

---

**2.** In *Skirvin,* this Court left to the Division the factfinding procedure of whether the claimant was guilty of "gross misconduct" even though

his theft charge was dismissed in the trial court. *Id.* at 427–28.

though he had notice of the issues as set forth by the Referee and even though the evidence was the same for both issues. These reasons alone are sufficient for this Court to affirm the jurisdiction of the Division over both issues. *See Hacker v. Review Board of the Employment Security Division* (1971), 149 Ind.App. 223, 271 N.E.2d 191. Moreover, Coleman's contention that the judgment of the trial court is res judicata must have been raised as an affirmative defense in a responsive pleading or litigated by consent of the parties. *Lawshe v. Glen Park Lumber Co., Inc.,* (1978), 176 Ind.App. 344, 346–47, 375 N.E.2d 275, 277–78.

Res judicata is an affirmative defense which prohibits a tribunal from considering an issue which has been litigated in a prior hearing. *Matter of Terry* (1979), 271 Ind. 499, 501, 394 N.E.2d 94, 95. Pursuant to Ind.Rules of Procedure, Trial Rule 8(c), an affirmative defense must be raised below to be preserved for appeal. *Board of Zoning Appeals, City of Valparaiso v. Sink* (1972), 153 Ind.App. 1, 8, 285 N.E.2d 655, 659. The Indiana Administrative Code (IAC) provides that these trial rules generally apply to administrative hearings. 640 IAC 1–11–3. *Shoup v. Review Board of the Indiana Employment Security Division* (1980), Ind.App., 399 N.E.2d 771, 774. Coleman's failure to object to the Referee hearing or the Board's review and his failure to raise res judicata as an affirmative defense are just two more reasons to affirm the Division's jurisdiction to hear the merits of Coleman's claim.

Affirmed.

GARRARD, J., concurs.

HOFFMAN, P.J., concurs with opinion.

HOFFMAN, Presiding Judge, concurring.

While I concur in the majority opinion, I feel it necessary to illuminate a matter not discussed in that decision. The majority opinion leaves the reader uninformed as to the striking dissimilarity of consequences which result from being discharged for gross misconduct rather than for just cause.

Thus, it is unclear why an employer should be allowed to proceed against an employee in a criminal action and use that as a basis for denying the employee's unemployment compensation claim while still retaining the option of denying the employee's claim on the ground he was discharged for just cause if the criminal proceeding results in a verdict of not guilty rendering that proceeding unavailable as a basis for discharge for gross misconduct. Such a situation would seem to provide an employer with a "stacked deck."

One need only look at the consequences of discharge under each situation to observe the striking dissimilarity. Once an employee is discharged for gross misconduct, he must be employed for five quarters to again qualify for benefits, just as he had to originally. *See* IND.CODE § 22–4–15–6 and 22–4–14–5. However, an employee discharged for just cause need only be employed eight weeks earning a wage which equals or exceeds his weekly benefit claim in order to become eligible for benefits again. In light of this striking difference in consequences which result from discharge under each provision, I see no unfairness in allowing an employer to proceed on both grounds in the alternative as was more or less done here.