In 1977 Ruby Jo Norris Underwood filed a complaint in the Blount County Circuit Court seeking a divorce from Milton A. Underwood. In the complaint plaintiff-wife alleged that there existed a common-law marriage between the two parties and that two children had been born of that union. In 1978 a default divorce decree was rendered against the defendant-husband. In October 1983 the plaintiff asked that the divorce decree be modified to award her child support. In response to the modification petition, the defendant asked that the default divorce decree be set aside. The default decree was set aside, and a hearing was held on the divorce petition in September 1983. Thereafter, the trial court found that a valid common-law marriage existed and that the defendant was the father of the two children born of the marriage. The trial court also awarded child support of $35 a week. The defendant appeals.
Defendant's first contention is that the trial court's finding of a common-law marriage is unsupported by the evidence.
A valid common-law marriage exists in Alabama when there is capacity to enter into a marriage, present agreement or consent to be husband and wife, and consummation. Cluxton v. Cluxton,431 So.2d 1296 (Ala.Civ.App. 1983). Defendant does not question the issue of capacity, but says that the evidence is insufficient to support a finding of present agreement and consummation. We do not agree.
The evidence is in sharp dispute as to whether the parties had an agreement to be husband and wife and whether that agreement was consummated. Where the evidence is in conflict, the trial court's role is to resolve the conflict and decide the case on the evidence submitted to it. Also, in domestic relations cases a judgment resulting from an ore tenus hearing is presumed correct and will not be overturned except where it is unsupported by the evidence or is plainly and palpably wrong. Harden v. Harden, 418 So.2d 159 (Ala.Civ.App. 1982).
The evidence shows that the defendant introduced the plaintiff as his "better half" to various members of his family; that they cohabitated at plaintiff's home from November 1971 until March 1977; his children by a previous marriage stayed with defendant at plaintiff's house for a period of time; they vacationed together, registering into motels as husband and wife; a visitor who went to the house to invite them to church thought they were husband and wife; and plaintiff signed a promissory note using defendant's last name in defendant's presence and with his knowledge without an objection from defendant. There were various photographs taken of the defendant, plaintiff, and the two children, much the same as any family would take. One of them showed the four of them in bed. The element of consent may be inferred from the facts and circumstances and need not rest on the declarations that the parties make. Cluxton, supra; Piel v. Brown,361 So.2d 90 (Ala. 1978). There was ample evidence at trial from which the trial court could have inferred consent.
Defendant next says that the relationship was not consummated. Plaintiff says that it was and that two children were fruits of the union. Defendant testified that he had never lived with plaintiff, though they had dated, and that he had never had a physical relationship with appellee. Again, the testimony is in sharp dispute, and the burden was on the trial court to resolve the dispute. It resolved the issue, and the evidence supports that resolution.
Next, defendant contends that even if there was a valid common-law marriage the evidence did not support the trial court's determination that defendant was the father of the two children. Again, we disagree. *Page 1309 
We note at the outset that in paternity disputes when the trial court hears the evidence ore tenus its findings will not be disturbed if supported by credible evidence. Coleman v.Sparkman, 370 So.2d 977 (Ala. 1979). There was ample evidence from which the trial court could have determined the paternity issue.
The oldest child was born in November 1971. By plaintiff's testimony, she and defendant did not begin living together until about two weeks after the birth of this child, when defendant moved in to help rear his new daughter. When a child is born of an illicit relationship, and the parties subsequently enter into a common-law marriage, this marriage serves to legitimate the child. Evans v. Evans, 434 So.2d 254
(Ala.Civ.App. 1982). But even after the common-law marriage of the parties, the father must recognize the child as his to legitimate it. § 26-11-1, Code 1975. Recognition must be unambiguous and clear. Coleman v. Sparkman, supra. The essence of this recognition is treatment of the child as one's own.Sparkman, supra.
There was evidence from which the trial court could have found that defendant recognized this child as well as her younger sister as his own. His name appeared on their birth certificates and he knowingly allowed it; he attended P.T.A. meetings with plaintiff; defendant told coworkers that the children were "my babies." Plaintiff also testified that she had a physical relationship with defendant and with no one else during the periods when the children were conceived. Defendant drove plaintiff to the hospital to give birth to the oldest child. The child at issue took the witness stand and stated that defendant was "my daddy" because "he used to live with us when I was a little girl, and tell me he's my daddy." Thus, the trial court could have concluded that defendant was the father of the oldest child.
Defendant says that he is also not the father of the youngest child. The trial court found, and we have agreed, that defendant and plaintiff were joined in a common-law marriage at the time the youngest child was born. When a child is born to a married woman, a strong presumption arises that the child is the legitimate offspring of her husband, and this presumption may be rebutted only by clear and convincing evidence which tends to show that it is naturally, physically, or scientifically impossible for the husband to be the father.Leonard v. Leonard, 360 So.2d 710 (Ala. 1978). This presumption was not rebutted.
As additional evidence of paternity the record reveals that plaintiff and defendant, along with the children, were ordered by the court to have an HLA blood test. Plaintiff was present for the test with her two children, but defendant did not appear for the test and informed the trial court that he would not allow himself to be so tested.
For the foregoing reasons, the judgment of the trial court is affirmed.
Plaintiff is awarded an attorney's fee in the amount of $375.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.