This is a contempt case.
The only facts pertinent to this appeal are as follows: Sonja and William Hall were divorced in March 1981. Primary custody of their son was given to the wife. Certain provisions in the divorce decree provided that the husband was to maintain hospitalization and major medical insurance on the child through his graduation from college. It was further provided that the husband was to be financially responsible for all medical and dental bills not covered by insurance as well as all expenses incident to the education of the minor child. Upon the husband's failure to make payments on a number of medical and educational bills, the wife filed a Petition for Rule Nisi asking the court to order the husband to show cause why he should not be held to be in contempt for his failure to comply with the child support provisions of the divorce decree. A motion to modify the divorce decree was also filed at this time but is unimportant to the issue in this case.
On January 15, 1985, the wife's Petition for Rule Nisi was dismissed by the trial court. The order stated that the dismissal was based upon the wife's failure to prosecute the action. Subsequent to this dismissal, the husband filed an Instanter Motion *Page 749 
for Rule Nisi, seeking enforcement of his visitation privileges. The wife responded to this petition by denying that she had interfered with his visitation privileges. She also filed a Counter-Petition for Rule Nisi and Motion to Modify. Again, the petition to modify is not important to the issue in this case. The petition for rule nisi, for a second time, asked the court to find the husband to be in contempt for his failure to pay the child's medical and education expenses. Only a small portion of the expenses had accrued after the January 15, 1985 dismissal of the earlier petition for rule nisi.
After an ore tenus hearing, the court entered an order, which, among other things, found the husband to be in contempt for his failure to pay the child's medical and educational expenses. The order provided that the husband could purge himself of this contempt by paying these expenses. The husband's motion to reconsider the order was denied. He appeals.
The appropriate method for review of a contempt order is by way of an extraordinary writ, either habeas corpus or certiorari. Fillingim v. Fillingim, 388 So.2d 1010
(Ala.Civ.App. 1980). As he is not in jail, we will treat the husband's appeal as a petition for writ of certiorari and consider his argument accordingly. See Thomas v. Thomas,406 So.2d 939 (Ala.Civ.App.), cert. denied, 406 So.2d 943 (Ala. 1981).
The husband has taken great care to point out that he argues error in the court's finding of contempt only insofar as the court's order is based upon his failure to pay those expenses which accrued on or before January 15, 1985. He makes only one argument for reversal: that the trial court's dismissal of the wife's first petition for rule nisi operates, under the doctrine of res judicata, as a bar to any other proceeding brought to find him in contempt for his failure to pay any of the child's expenses which became due on or before January 15, 1985. We cannot accept this contention.
It is our opinion that the doctrine of res judicata has no application to this civil contempt proceeding brought to enforce the child support provisions of a valid divorce decree.
The doctrine of res judicata is generally recognized as serving the dual functions of protecting litigants from the burden of relitigating the same issue, as well as promoting judicial economy. Owen v. Miller, 414 So.2d 889 (Ala. 1981). The basic premise of res judicata is that only parties or their privies are bound by a prior adjudication, while nonparties are not bound. See generally Ala. Digest, Judgment, Key No. 634 (1960 and 1985 supp.); 50 C.J.S. Judgments § 592 (1947). As such, the doctrine really has no direct effect upon the inherent powers of a court. Cf. 21 C.J.S. Courts § 189 (1940) (explaining the distinction between stare decisis, which has some binding effect upon a court, and res judicata, which does not). As has been noted by at least one other court, res judicata emanates from the final judgment and is the actual effect of a final judgment. See Board of Zoning Appeals v.Sink, 153 Ind. App. 1, 285 N.E.2d 655 (1972). It does not emanate from, nor is it directly related to, the inherent power a judicial tribunal possesses to enforce its final judgment.Id.
It has long been recognized that a court has the inherent power to issue such orders or process as is necessary to enforce its judgments. Norris v. Norris, 406 So.2d 946
(Ala.Civ.App. 1981); Monroe v. Monroe, 356 So.2d 196
(Ala.Civ.App. 1978). As part of its inherent power, a court of record may punish for contemptuous failure to abide by its lawful orders. Thomas, supra; Robertson v. State, 20 Ala. App. 514, 104 So. 561 (1925). This contempt power may not be taken away or abridged, as it is essential to the due administration of justice. Thomas, supra; Robertson, supra.
A contempt proceeding is sui generis, being neither a "civil action" nor a "criminal prosecution" within the ordinary meaning of those terms. State ex rel Payne v. Empire LifeInsurance Company, 351 So.2d 538 (Ala. 1977); *Page 750 International Brotherhood v. Davis Constructors and Engineers,Inc., 334 So.2d 892 (Ala. 1976); Robertson, supra. It is independent of the cause in which the contempt arises. SeeInternational Brotherhood, supra; Robertson, supra. In the civil context, the contempt power may be exercised to coerce compliance with an order of the court. State ex rel Payne,supra. Such a proceeding need not be instituted by a party, but may be instituted by a court on its own motion. See Nichols v.Nichols, 46 Ala. App. 67, 238 So.2d 186 (1970).
Were we to hold that the doctrine of res judicata prevents the trial court from using its inherent powers to enforce the child support provisions of the valid divorce decree in this case, we would abridge those powers. See Thomas, supra;Robertson, supra. This we will not do.
Ironically, we note that if we were to accept the husband's argument in this case, we would be giving an application to the doctrine of res judicata that was not intended. The doctrine is intended to prevent the relitigation of a cause of action that has already been reduced to a final judgment. In this case, the issue of child support had already been litigated and settled by the 1981 divorce decree. As each child support installment or bill became due, it created a new final monied judgment, which could be collected as could any other judgment. Ex parteMorgan, 440 So.2d 1069 (Ala. 1983); Gibson v. Davis,457 So.2d 416 (Ala.Civ.App. 1984). Keeping in mind the independent andsui generis nature of a contempt proceeding, the husband is actually arguing that the enforcement of these valid judgments is barred by the January 15, 1985, dismissal of the contempt proceeding. At least one other court has observed that such an effect is not possible. See Howell v. Thomas, 566 F.2d 469 (5th Cir. 1978).
It is our conclusion that the doctrine of res judicata did not bar the trial court from finding that the husband is in contempt of the child support provisions of the earlier divorce decree. The trial court is affirmed.
Appellee's request for attorney's fee is granted in the amount of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.