599 So.2d 627 (1992)
STATE of Alabama, ex rel. D.K., and C.R.K., a minor
v.
R.T. and R.A.
2900744.
Court of Civil Appeals of Alabama.
May 1, 1992.
William Prendergast, Lois Brasfield and Mary E. Pons, Asst. Attys. Gen., for appellant.
Houston L. Brown, Birmingham, for appellees.
RUSSELL, Judge.
The State of Alabama, on behalf of D.K. (mother), filed a complaint in family court seeking an adjudication of paternity and seeking child support, alleging that R.T. was the father of C.R.K. (child). The complaint was later amended to add R.A. as the possible father. He is not a party to this appeal. The family court found that the state failed to meet its burden in proving that either man was the father of the child.
The state then appealed to the circuit court, which granted the state's motion requesting that blood tests be required. However, R.T. failed to appear for the blood tests. The guardian ad litem for the child filed a motion for sanctions, alleging that R.T.'s refusal to appear for blood tests was in direct contempt of the trial court's order and requesting that the trial court grant sanctions, including the entry of a judgment of paternity against R.T. The trial court denied the motion. After an ore tenus proceeding, the trial court found in favor of both men. The state appeals, contending that the trial court erred by refusing to sanction R.T. for his refusal to submit to the court-ordered blood tests. We affirm.
At the outset we note that a court has the inherent power to issue orders or process as are necessary to enforce its judgments. Hall v. Hall, 485 So.2d 747 (Ala.Civ.App.1986). It may punish for the contemptuous failure to abide by its lawful orders, and a contempt proceeding may be instituted by the court on its own motion. Id. Sanctions for failure to comply with a pre-trial discovery order are within the discretion of the trial court and, unless there is an abuse of discretion, will not be disturbed. Eady v. Friese Materials Corp., *628 567 So.2d 857 (Ala.1990). When competent evidence is presented ore tenus, this court presumes correct the findings of the trial court. Such findings will not be disturbed unless they are plainly and palpably erroneous and manifestly unjust. First Alabama Bank v. Coker, 408 So.2d 510 (Ala.1982). In addition, we note that the trial court's findings in a paternity dispute will not be disturbed if they are supported by credible evidence. Underwood v. Underwood, 460 So.2d 1306 (Ala.Civ.App.1984).
Section 26-17-12(a), Ala.Code 1975, provides that, whenever the court orders blood tests to be taken and one of those whose blood is to be taken refuses to take the test, the fact of refusal shall be "disclosed upon the trial," unless good cause is shown for the refusal. Furthermore, evidence offered by the alleged father with respect to the sexual intercourse of another man with the mother at or about the probable time of conception is admissible only if the alleged father has made blood test results available to the court which do not exclude the possibility of his paternity of the child. § 26-17-13(c).
The state contends that the trial court erred by not sanctioning R.T. for refusing to submit to blood tests. It claims that the trial court's refusal to sanction R.T. was prejudicial error preventing a fair trial in the matter and that, in addition to disclosing the fact of the refusal to submit to blood tests as part of the evidence at a hearing, the refusal may be punished as a civil contempt. It further claims that, because the request for sanctions was in response to R.T.'s failure to comply with the statutorily required order for blood tests, the trial court abused its discretion by failing to sanction R.T.
R.T. responds that, although sanctions were requested, including the entry of a judgment of paternity and the taxing of all costs against him, the state never requested that the trial court hold him in contempt and that, in its brief to the trial court, it stated that a judgment by default is the only remedy available to the trial court to enforce compliance with the requirement for paternity testing. R.T. further argues that the choice of sanctions for failure to comply with a pre-trial discovery order is within the discretion of the trial court.
Denial of sanctions for failure to submit to the blood tests was within the trial court's discretion. R.T.'s refusal to submit to the blood tests was disclosed upon the trial and, therefore, was considered by the trial court, in conjunction with the other evidence, as additional evidence of paternity. See Underwood, 460 So.2d 1306. In view of this fact, and the discretion of the trial court, we cannot find that the trial court abused its discretion by refusing to grant a judgment by default as requested or by not sanctioning R.T. for contempt on its own motion.
The state also claims that the trial court improperly weighed the evidence.
Where the evidence is conflicting, the trial court is free to choose the evidence in which it believes and then must resolve the conflicts. Seifert v. Houlditch, 583 So.2d 274 (Ala.Civ.App.1991). This court will not weigh the evidence, but will instead indulge all favorable presumptions to sustain the trial court's ruling and will reverse only on a showing that the trial court's findings are plainly erroneous or manifestly unjust. Id.
In the present case the evidence was conflicting on almost every point. Without detailing all of the evidence presented, we note that the mother testified that she had sexual relations with R.T. and R.A. during the period of conception. She believes that R.T. is the father because, she claims, the child is white and R.T. is white. The mother is black. She also testified that R.T. had given her money on several occasions.
R.T. testified that he never had sex with the mother and had never given her money. He said he met her in his capacity as credit manager at a car dealership, when a salesman brought her to his office while she was attempting to purchase a car; that when he discovered that the mother had misrepresented her employment, he asked her where she had received the money to pay the debt on her present car; that she stated that she received money from men for sex and asked him if he wanted to have *629 sex with her for $40; that he then called the salesman and told him to get her out of his office; and that he denied her credit to purchase the car. He further testified that he did not take the blood test because he did not want to risk being included when he should have been excluded.
The trial court conducted a hearing and heard the testimony. It had the opportunity to observe the witnesses and weigh the evidence. Because of this, we are due to accord the court's ruling a presumption of correctness, and, in the absence of findings which are plainly and palpably erroneous and manifestly unjust, we must affirm the trial court.
Here we find that the trial court's findings were based on competent and credible evidence and that they are not plainly and palpably erroneous and manifestly unjust. Therefore, the judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.